**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **LIMOLINER, INC.,** | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **vs.** | ) | **NO.** |
| | ) | |
| **SETRA OF NORTH AMERICA, INC.,** | ) | |
| **Defendant** | ) | |

## 05 - 11888 JLT

RECEIPT # _66998_
AMOUNT $_____ 250.00
SUMMONS ISSUED_____ VA
LOCAL RULE 4.1_____
WAIVER FORM _____
MCF ISSUED_____
BY DPTY. CLK._____ M.P.
DATE_____ 9/19/05

MAGISTRATE JUDGE___ JLA

**NOTICE OF REMOVAL**

**TO:   THE CHIEF JUDGE AND JUDGES OF THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF MASACHUSETTS**

Pursuant to 28 U.S.C. §1441(a), Setra of North America, Inc. ("Setra"), hereby files this

Notice of Removal. In support of its Notice of Removal, Setra states the following:

1.     As appears from Civil Action No. 05-1421 on file in the Norfolk Superior Court,

the plaintiff filed a Complaint on August 17, 2005.   Setra received a summons and complaint by

Federal Express on or about August 23, 2005.   The Complaint seeks venue in the Superior Court

Department, County of Norfolk, Commonwealth of Massachusetts.   Copies of the Complaint and

Summons are attached hereto as **Exhibit "A"** and made a part hereof.

2.     As the plaintiff alleges in its Complaint, this is a commercial transaction dispute

relating to allegations of an inaccurate or misleading odometer reading.   The plaintiff alleges that

it is a corporation duly organized under the laws of the Commonwealth of Massachusetts and

that its principle place of business is located in Stoughton, Massachusetts.   Plaintiff further

alleges that SETRA has its principal place of business in Greensboro, North Carolina.   See

**Exhibit "A,"** paragraphs 1, 2. Setra is duly incorporated under the laws of the State of Maine.

3.     The plaintiff's Complaint alleges that it suffered damages as the result of its purchase of a bus that had an incorrect odometer reading when it purchased the vehicle from the defendant in June of 2004 and thereafter. Plaintiff alleges a variety of theories all centered upon the incorrect and/or misleading representations relating to the mileage of the vehicle at the time of sale.

4.     This Court has original jurisdiction over the action pursuant to 28 U.S.C.

§ 1332(a)(1) because there is complete diversity of citizenship between the plaintiff and the defendant and because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5.     As evidence of the amount in controversy, attached hereto as **Exhibit "B"** and made a part hereof is correspondence from Limoliner directed to the defendant dated July 26, 2005, in which it demands settlement in excess of $386,000.

6.     Pursuant to 28 U.S.C. § 1446(b), this petition is being filed with this Court within 30 days after purported service of the Summons and Complaint was attempted upon Setra.

7.     This Notice of Removal was served on counsel of record via regular mail on September 15, 2005, in accordance with 28 U. S. C. § 1446(d).

8.     A true copy of this Notice of Removal was filed via regular mail on September 15, 2005 with the Clerk of the Norfolk Superior Court.

WHEREFORE, Setra prays for removal of the above-captioned matter from the Norfolk Superior Court, Norfolk County, Commonwealth of Massachusetts, to the United States District Court for the District of Massachusetts.

2

SETRA OF NORTH AMERICA, INC.,

By its Attorneys,

James M. Campbell BBO # 541882
Campbell Campbell Edwards & Conroy, PC
One Constitution Plaza,
Boston, MA 02129
(617) 241-3000

William J. Cremer
(pending admission *pro hac vice*)
Thomas R. Pender
(pending admission *pro hac vice*)
Cremer, Kopon, Shaughnessy & Spina, LLC
180 North LaSalle Street, Suite 3300
Chicago, IL 60601
Tel: (312) 726-3800
Fax: (312) 726-3818

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the following counsel of record for Limoliner, Inc., via _Mail_ on _September 16_, 2005:

Jonathan D. Friedman, Esq.
Rudolph Friedman LLP
92 State Street
Boston, MA 02109

James M. Campbell

3



301-2 Blue

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:-
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER.)

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO.   05  01421

LimoLiner, Inc. ................................., *Plaintiff(s)*

v.

Setra of North America, Inc., *Defendant(s)*

## SUMMONS

To the above-named Defendant: Setra of North America, Inc., 6012-B High Point Road,
Greensboro, North Carolina 27407
    You are hereby summoned and required to serve upon  Jonathon D. Friedmann
........................................,
                    Rudolph Friedmann LLP, 92 State Street,
plaintiff's attorney, whose address is Boston, MA 02109..................., an answer to the com-
plaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. You are also required to file your answer to the com-
plaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney
or within a reasonable time thereafter.

    Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim
any claim which you may have against the plaintiff which arises out of the transaction or occur-
rence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making
such claim in any other action. **BARBARA J. ROUSE, Esquire**

    WITNESS, SUZANNE V. DELVECCHIO, *Esquire,* at ...........................the .....17th..............

day of ..........August............, in the year of our Lord two thousand and ..five.............................

Walter G. Smith   Clerk.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption.
   If a separate summons is used for each defendant, each should be addressed to the particular defendant.

F-83

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ............................................, 20        , I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

.................................................................................................................................................

.................................................................................................................................................

.................................................................................................................................................

Dated: .........................., 20      ..........................................................................

**N. B.   TO PROCESS SERVER:-**
**PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN**
**THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON**
**DEFENDANT.**

| , 20 . |
| --- |

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO.

........................, Plaintiff

v.

........................, Defendant

**SUMMONS**

(Mass. R. Civ. P.4)

BARBARA J. ROUSE, Esquire

NU. 200    004

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS:                          SUPERIOR COURT DEPARTMENT
                                     CIVIL ACTION NO.:

                                          **05  01421**

—————————————————————
LIMOLINER, INC.,                    )
              PLAINTIFF,             )
                                    )
v.                                  )
                                    )
SETRA OF NORTH AMERICA, INC.,       )
              DEFENDANT.            )
—————————————————————

## COMPLAINT

1. The plaintiff LimoLiner, Inc. ("LimoLiner") is a corporation duly organized pursuant to law having a usual place of business at Stoughton, County of Norfolk, Commonwealth of Massachusetts.

2. Setra of North America, Inc. ("Setra") is a corporation duly organized pursuant to law having a usual place of business at 6012-B High Point Road, Greensboro, North Carolina, 27407.

3. Setra does business throughout the Unites States and Canada and holds it self out as, "one of the world's leading producers of luxury motorcoaches".

4. Setra manufactures motorcoaches and is a reseller of pre-owned motorcoaches.

5. Setra regularly and usually does business in Massachusetts, advertises in Massachusetts, delivers product into Massachusetts, sends mail to Massachusetts, transacts business in Massachusetts and communicates electronically within Massachusetts.

6. This Court has jurisdiction over the defendant due to the Long Arm Jurisdiction and due to defendant's numerous and substantial business contacts within Massachusetts.

7. As part of Setra's business practices, it sells pre-owned busses (coaches) throughout the United States which includes purchases made by entities in Massachusetts.

8. Setra in its advertising materials, relative to pre-owned coaches, states that the vehicles undergo, "a thorough inspection at Setra to ensure that the customer gets the best product available at a reasonable investment" and that, "all components of the vehicle requiring replacement are refurbished with genuine Setra parts ensuring that the customer will get all the quality and long life that they expect".

9. Setra in its advertisement claims that it operates, "a state of the art service facilities" that "incorporates sufficient diagnostic equipment"... so you can be confident that your Setra Coach will be running smoothly and profitably whenever you need it".

10. The plaintiff, LimoLiner, is in the business of providing luxury transportation bus service between Boston and New York City.

11. LimoLiner for its bus service utilizes specially equipped coaches that provide internet movies, hostess service and luxury accommodations together with television and DVD entertainment en route.

12. LimoLiner has established a nitch market for sophisticated travelers, business travelers and luxury bus travels between New York and Boston.

13. On or about May 31, 2004, LimoLiner purchased a Prevost H3-45 motorcoach from Setra of North America, Inc. for a purchase price of $205,000.00 all as appears in the Bill of Sale attached hereto as Exhibit 1.

14. At the time the plaintiff purchased the motorcoach from the defendant, a written certification was given by Setra to the plaintiff stating that the actual mileage of the vehicle was 152,002 miles. A copy of the Odometer Disclosure Statement required by both federal and state law signed by the defendant is attached hereto as Exhibit 2.

2

15. Prior to the purchase of this vehicle, LimoLiner made the defendant aware that the plaintiff intended, after the purchase of the vehicle, to convert the vehicle into a luxury coach for use in the business of deluxe passenger transportation between Boston and New York.

16. The plaintiff dealt with representatives of the defendant relative to the purchase in question. told representatives of the defendant the anticipated use of the vehicle, explained to the defendant the intended use of the vehicle and obtained from the defendant their advice regarding the appropriateness of the purchase of the vehicle for the anticipated and proposed use.

17. Prior to the purchase of the vehicle the plaintiff informed the defendant and its representatives that upon purchase of the vehicle the plaintiff intended to refit the interior of the coach and that plaintiff intended to install onboard entertainment, power, plumbing, communications equipment, kitchen equipment, washroom and luxury seating.

18. The plaintiff was assured by the defendant and its representatives that the coach in question would be appropriate for this retro fitting and that the vehicle of its age and mileage would serve the plaintiff's needs for its intended use and service.

19. The plaintiff, prior to purchasing the vehicle in question, relied upon: (a) the expertise of the defendant and its representatives; (b) the reputation of the defendant and its representatives; (c) the written representations made by the defendant and its representatives regarding the actual mileage of the vehicle; and (d) the representations of defendant and its representative in the defendant's written materials regarding the defendant's expertise and knowledge and in particular the fact that the defendant would have inspected the vehicle thoroughly to ensure to the plaintiff the "best product available at a reasonable investment".

20. Upon purchase of the vehicle a complete refit of the interior was undertaken at Amadas Coach in Moneta, Virginia.

21. The refitting of the interior cost approximately $155,000.00 and included the installation of onboard entertainment, power, plumbing, communications equipment, kitchen, washroom and luxury seating.

22. After the refitting of the motorcoach purchased from the defendant, the motorcoach was placed into service on or about September 1, 2004.

23. Since being placed in service the vehicle had repeated mechanical failures.

24. The repeated mechanical failures have occurred from the time of delivery of the coach to the plaintiff to the present. These failures included, but was not limited to, a complete irrepairable failure of the engine transmission system which required the plaintiff to have the engine transmission system replaced by Power Products, a division of Detroit Diesel.

25. In April of 2005, when the vehicle was being repaired at Detroit Diesel for the engine transmission system failure, Detroit Diesel reviewed the onboard ECM monitor and determined that the actual mileage of the motorcoach was 507,471 miles.

26. Prior to receiving the actual ECM monitor mileage from Detroit Diesel, the plaintiff had utilized the vehicle for only 98,000 as shown on the odometer.

27. As a result of the information obtained from Detroit Diesel, it was learned that at the time the vehicle was purchased by the plaintiff from the defendant that the actual mileage was approximately 409,000 not the 152,000 miles as represented in writing by the defendant to the plaintiff.

4

28. The difference of approximately 260,000 miles of use on the motorcoach in excess of the certified figure was a material misrepresentation of fact made by the defendant to the plaintiff.

29. A vehicle of the type in question with over 400,000 miles is a significantly different vehicle than a vehicle of this description with only 150,000 miles.

30. Had the plaintiff been informed by the defendant of the true mileage, the plaintiff would not have purchased the vehicle nor would it have spent $155,000.00 refitting the vehicle for its intended use.

31. The vehicle is unfit for its intended use and continues to have mechanical problems consistent with a vehicle with actual use in excess of 400,000 miles which such mechanical problems are not consistent with a vehicle with mileage of 150,000 miles.

32. On or about June 4, 2005, the plaintiff sent a demand to defendant outlining the facts set forth above and requesting relief from the defendant. A copy of plaintiff's letter of June 4, 2005 is attached hereto as Exhibit 3.

33. The defendant has failed and/or refused to make an appropriate response.

34. On July 22, 2005, the defendant, in writing, acknowledged that the mileage on the vehicle had been understated by at least 100,000 miles. See Exhibit 4 attached hereto.

35. The vehicle in question has had significant and repeated mechanical repairs which have cost the plaintiff significant sums of money to remedy. In addition, the plaintiff has lost revenue due to the vehicle not being able to be utilized for its services.

5

## COUNT I
### (Breach of Contract)

36. The plaintiff reaffirms and realleges the allegations contained in paragraphs 1 through 35 and incorporates them by reference.

37. The plaintiff and defendant entered into a contract for the sale of the vehicle in question.

38. The defendant breached the contract by not selling to the plaintiff the vehicle in question in accordance with the terms and conditions of the contract.

39. As a result of the defendant's breach of the contract with the plaintiff, the plaintiff has been caused to suffer damages and injury.

## COUNT II
### (Breach of Express Warranty)

40. The plaintiff reaffirms and realleges the allegations contained in paragraphs 1 through 39 and incorporates them by reference.

41. The seller/defendant expressed the warranty and represented the condition of the vehicle including the mileage on the vehicle.

42. The seller breached the expressed warranty regarding the mileage of the vehicle.

43. The mileage stated by the defendant to the plaintiff became an affirmation, fact or promise which was part of the basis of the bargain between the plaintiff and the defendant.

44. The defendant made these expressed warranties knowingly, intentionally or negligently or with reckless disregard of the truth thereof.

45. The plaintiff relied upon the representations of the defendant.

6

46. As a result of the defendant's breach of the expressed warranty, the plaintiff has been caused to suffer damages and injury.

## COUNT III
### (Breach of Contract - Implied Warranty of Merchantability)

47. The plaintiff reaffirms and realleges the allegations contained in paragraphs 1 through 46 and incorporates them by reference.

48. The defendant represented criteria as to the merchantability of the vehicle in question.

49. The defendant warranted that the vehicle would pass without objection in the trade under the contract description which such description included the mileage stated on the Bill of Sale.

50. The vehicle did not conform to the contract description and would not pass without objection in the trade.

51. The actions of the defendant were in violation of the implied warranty of merchantability.

52. The defendant's breach of the implied warranty of merchantability has caused the plaintiff to suffer damages and injury.

## COUNT IV
### (Breach of Contract - Implied Warranty of Fitness for a Particular Purpose)

53. The plaintiff reaffirms and realleges the allegations contained in paragraphs 1 through 52 and incorporates them by reference.

54. The plaintiff made known to the defendant prior to its purchase that the buyer was purchasing the vehicle in question for a particular purpose.

55. The defendant seller had reason to know the particular purpose for which the plaintiff intended to use the vehicle in question.

56. The plaintiff relied upon the seller's skill or judgment to select or furnish an appropriate vehicle for the intended use.

7

57. The vehicle purchased by the plaintiff from the defendant was not fit for the particular use in question.

58. As a result of the vehicle not being fit for the particular use in question, the plaintiff suffered damages and injury.

## COUNT V
### (Fraudulent Inducement)

59. The plaintiff reaffirms and realleges the allegations contained in paragraphs 1 through 58 and incorporates them by reference.

60. As set forth above, the defendant made material factual representations to the plaintiff prior to the purchase of the vehicle in order to induce the plaintiff to purchase the vehicle.

61. The material statements of fact made by the defendant to the plaintiff to induce the plaintiff to purchase the vehicle in question were knowingly false or were made with reckless disregard of the truthfulness thereof.

62. The plaintiff reasonable relied on the material factual representations made by the defendant to the plaintiff.

63. But for the material factual representations made by the defendant to the plaintiff, the vehicle in question would not have been purchased by the plaintiff.

64. As a result of the plaintiff's reasonable reliance on the material misrepresentations of fact made by the defendant, the plaintiff was caused to change its position and was injured thereby.

8

GENERAL OFFICE 7 903 403 8808    NU.200    P12

## COUNT VI
### (Misrepresentation)

65. The plaintiff reaffirms and realleges the allegations contained in paragraphs 1 through 64 and incorporates them by reference.

66. As set forth above, the defendant made material factual representations to the plaintiff.

67. The material factual representations made to the plaintiff by the defendant were made with an intent to induce the plaintiff to rely thereupon.

68. The representations regarding the vehicle in question were material and were made with the intent of seeking to induce the plaintiff to reasonably rely thereupon.

69. The plaintiff did reasonably rely upon the representations of fact made by the defendant.

70. At the time the defendant made the representations of fact regarding the vehicle to the plaintiff, the defendant knew that the representations were true or otherwise failed to reasonably investigate the truthfulness thereof.

71. As a result of the defendant's misrepresentations of the material facts to the plaintiff which the plaintiff reasonably relied upon the plaintiff was caused to suffer damages and injury.

## COUNT VII
### (Breach of Good Faith and Fair Dealing)

72. The plaintiff reaffirms and realleges the allegations contained in paragraphs 1 through 71 and incorporates them by reference.

73. Every contract has reputed thereupon an obligation of good faith and fair dealing.

9

SEIRH UF N.H. - GENERHL UFFICE → 905 403 8808    NO.200    P13

74. The defendant violated and/or breached the obligation of good faith and fair dealing by misrepresenting to the plaintiff the vehicle in question, the mileage of the vehicle in question and the suitability of the vehicle in question for the plaintiff's intended purposes.

75. As a result of the defendant's breach of its obligation of good faith and fair dealing to the plaintiff related to the vehicle in question, the plaintiff has been caused to suffer damages and injury.

## COUNT VIII
### (Violation of Chapter 93A, Section 11)

76. The plaintiff reaffirms and realleges the allegations contained in paragraphs 1 through 75 and incorporates them by reference.

77. The plaintiff and defendant are persons engaged in commerce or trade as defined by Chapter 93A of the Massachusetts General Laws and the Regulations of the Attorney General enacted pursuant thereto.

78. The actions of the defendant as set forth above constitute a knowing, willful, intentional or negligent violation of Chapter 93A, Sections 2 and 11 and also constitute a knowing violation of the Regulations of the Attorney General pursuant to the Commonwealth of Massachusetts enacted pursuant to Chapter 93A of the Massachusetts General Laws.

79. As a result of the defendant's breach of Chapter 93A and the Regulations of the Attorney General enacted pursuant thereto, the plaintiff has been caused to suffer damages and injury.

## COUNT IX
### (Violation of Massachusetts General Laws Chapter 266, Section 141, et sec.)

80. The plaintiff reaffirms and realleges the allegations contained in paragraphs 1 through 79 and incorporates them by reference.

10

81. Pursuant to Massachusetts General Laws Chapter 266, Section 141, prohibits the sale of any
vehicle other than with the true mileage driven.

82. The defendant did sell a motor vehicle with improperly stated mileage and did advertise the
sale of said vehicle.

83. In violation of Massachusetts Gencral Laws Chapter 266, Section 141 is a per se violation of
Chapter 93A of the Massachusetts General Laws and constitutes an unfair or deceptive
method of competition.

84. The actions of the defendant constitute a knowing, intentional or negligent violation of
Massachusetts General Laws Chapter 266, Section 141 and a violation therefore of Chapter
93A of the Massachusetts General Laws.

85. The sale of the vehicle in question was violative of the Truth and Mileage Act as set forth in
Title 49 United States Code, Section 32705.

86. The action of the defendant in transferring title to the vehicle without properly disclosing the
true mileage of the vehicle constitutes a violation of 49 USC, Section 32705 and constitutes a
per se violation of Chapter 93A of the Massachusetts General Laws.

## COUNT X
### (Violation of Chapter 266, Section 141 of the Massachusetts General Laws and Title 49 of the United States Code, Section 32705)

87. The plaintiff reaffirms and realleges the allegations contained in paragraphs 1 through 86 and
incorporates them by reference.

88. The actions of the defendant in violation of Massachusetts General Laws Chapter 266,
Section 141 and Title 49 of the US Code, Section 32705 have caused the plaintiff to suffer
damages and injury.

11

WHEREFORE, the plaintiff demands as follows:

1. That this Honorable Court rescind the sale in question and order the defendant to repay

   to the plaintiff the purchase price of the vehicle, the cost of retrofitting of the vehicle and

   all other monetary damages sustained by the plaintiff;

2. That the Court award judgment in favor of the plaintiff against the defendant in such

   amount as the Court deems appropriate and just in light of the circumstances;

3. That the Court award the plaintiff up to three times the amount of actual damages

   sustained together with costs, interest and attorney's fees.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**


                                        Respectfully submitted,

                                        Plaintiff, LimoLiner, Inc.,

                                        By its Attorney,

                                        Jonathon D. Friedmann, Esq.
                                        BBO #: 180130
                                        Erica F. Mastrangelo
                                        BBO #: 661561
                                        RUDOLPH FRIEDMANN LLP
                                        92 State Street
                                        Boston, MA 02109
                                        (617) 723-7700

Dated: August 16, 2005

NU. 200   D17

May 16 2005 11:56AM  Firstgreen                    617-916-2974          P.3

06/24/2005   13:42    SETRA COACHES → 617 916 2974                NO.681   D01

RECEIVED
JUN 09 2004



# BILL OF SALE

**VEHICLE IDENTIFICATION NUMBER**
2PCH33490X1012717

| MAKE | MODEL | YEAR |
|------|-------|------|
| Prevost | H3-45 | 1999 |

For the sum of $205,000.00, and/or other valuable consideration in the amount of $0.00, the receipt of which is hereby acknowledged, we did sell, transfer and deliver to:

**BUYER'S NAME**
LimoLiner, Inc.

**ADDRESS**
729 Boylston Street #600, Boston MA 02116

**BUYER'S SIGNATURE**
X _____     Date  May 31 2004

We certify under penalty of perjury that: (1) the selling price and/or value consideration shown is true and correct, (2) we are the lawful owner(s) of the vehicle and (3) we have the right to sell it, and (4) we guarantee and will defend the title to the vehicle against the claims and demands of any and all persons arising prior to this date, and (5) the vehicle is free of all liens and encumbrances.

**SELLER'S NAME**
Setra of North America, Inc.

**ADDRESS**
6012-B High Point Road, Greensboro, NC 27407

**SELLER'S SIGNATURE**
X _____     Date  June 1 2004

# ODOMETER DISCLOSURE STATEMENT

Federal and State law require that you state the mileage upon transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

I state that the odometer now reads _152 002_ miles and to the best of my knowledge that it reflects the actual mileage of the vehicle described below, unless one of the following statements is checked.

☐ (1) I hereby certify that the odometer reading reflects the amount of the mileage in excess of its mechanical limits.

☐ (2) I hereby certify that the odometer reading is not the actual mileage. WARNING – ODOMETER DISCREPANCY.

| MAKE | BODY STYLE | YEAR MODEL | SERIES MODEL |
|------|-----------|-----------|-------------|
| Prevost | Coach | 1999 | H3-45 |
| VEHICLE IDENTIFICATION NUMBER | | LAST PLATE STATE YEAR NUMBER | |
| 2PCH33490X1012717 | | | |

Setra of North America, Inc.
Seller's Name
6012-B High Point Road
Seller's Address
Greensboro, NC 27407
City, State, Zip

Seller's Signature

Buyer's Signature
(acknowledging Mileage Reading as Certified)

LimoLiner, Inc.
Buyer's Name
729 Boylston Street #600
Buyer's Address
Boston MA 02116
City, State, Zip

June 3 2004
Date of Certification

## ALTERATIONS OR ERASURES VOID THIS FORM

**LimoLiner Inc**
74 Maple St
Stoughton MA 02072
(617) 916 2973

June 4, 2005

Setra of North America
6012B High Point Road
Greensboro, NC 27407

Attention: Robert Jones, Vice President

RE:    Prevost H3 – 45; Vehicle Identification No.: 2PCH33490X1012717

Dear Mr. Jones:

On May 31, 2004, Limoliner, Inc. purchased the above Motorcoach from your company for a purchase price of $205,000.00. At the time of purchase, a certification was given to us indicating that the actual mileage on the vehicle was 152,002.

As you and your company was aware, it was Limoliner's intent, after purchase of this vehicle, to convert the vehicle to a luxury coach for eventual use in the business of deluxe passenger transportation between Boston and New York. Upon purchase of the vehicle, a complete refit of the interior was undertaken at Amadas Coach in Moneta, Virginia. This refitting of the interior cost approximately $155,000.00 and included the installation of onboard entertainment, power, plumbing, communications equipment, kitchen, washroom and luxury seating.

After this refitting of the Motorcoach, it was placed into service on or about September 1, 2004. Since being placed in service, the vehicle has had repeated mechanical failures. These mechanical failures have occurred from the time of delivery to the present. In April of 2005, a complete irrepairable failure of the engine transmission system occurred. It was necessary for us to have the system replaced by Power Products which, as I am sure you are aware, is a division of Detroit Diesel. At the time of this servicing, it was determined by Detroit Diesel from the onboard ECM monitor that the actual mileage on the Motorcoach was 507,471 miles. Our company, prior to this servicing, had utilized the vehicle for only 98,000 miles as shown on the odometer. Thus, the actual mileage at the time that we purchased the vehicle from you was approximately 409,000 miles not the 152,002 miles as represented.

The additional 257,000 miles of use of the vehicle in excess of your certified figure constitutes a material misrepresentation of fact to us. As you are aware, a vehicle of this type with over 400,000 miles is significantly different than a vehicle of this type with merely 150,000 miles. Had we been informed of the true facts and circumstances regarding this vehicle, we would never have purchased the vehicle nor would we have spent the sums outlined above in refitting the vehicle for its intended use. The vehicle is now unfit for its intended use and continues to have mechanical problems consistent with a vehicle with its actual use, but not consistent with a vehicle as represented to us.

To date, in addition to the cost of refitting, we have also incurred repair costs of $25,964_ and loss of revenue of $26 760 during the periods of time that the vehicle was out of use for repairs.

06/23/2005    11:33    SETRA OF N.A. - GENERAL OFFICE → 985 403 8808                    NO.200    022

Setra of North America
June 2, 2005
Page 2 of 2

This vehicle is not as represented and is not what we wanted or contracted for. This vehicle will have to be replaced as soon as possible with a corresponding vehicle with lifetime and performance similar to that which we believed we were purchasing. Your company must also be responsible for meeting the costs and for making good on the other damages to which we are entitled as a matter of law.

Your attention is drawn to both the Federal and State Statutes regulating the sale of vehicles and odometer readings. The Truth in Mileage Act which can be found at Title 49 of the United States Code, Section 32705 prohibits the failure to honestly and accurately disclose the cumulative mileage of a vehicle. It is, and continues to be, our desire to attempt to resolve this dispute with your company amicably. However, in order to do so, it will require prompt attention from you and a commitment from your business to do what is right to resolve these issues.

Upon your receipt of this letter, please contact me so that we can arrange to have the appropriate executive from your company (with authority to deal with this situation) come to Boston to meet with me and my advisors so that a reasonable resolution of this matter can be reached. Be advised that I am marking this matter ahead in my calendar for a period of fourteen (14) days. If within this 14 day period I have not heard from you and if substantial steps towards resolution of this matter have not been made, then it will be necessary for me to proceed to seek to enforce the legal rights and remedies available to me pursuant to both Federal and State Law.

As mentioned above, it is my sincere desire that this matter can be resolved amicably. However, if a show of good faith from you and your company is not forthcoming within the stated time period, it will be necessary for me to seek enforcement of those rights and seek appropriate damages.

Your prompt attention is greatly appreciated.

Very truly yours,

Fergus McCann

FM/gmy
cc:    Jonathon D. Friedmann, Esq.
       Peter Pescatore
       John Spellings



LUXURY COACHES

SETRA of North America, Inc.
6012B High Point Road
Greensboro, NC 27407
Office Tel.:      336-878 5400
                 800-882-8054
Fax:             336-878-5403
Web Site: www.setrausa.com

July 22, 2005

Mr. Peter Pescatore
Chief Executive Officer
LimoLiner
74 Maple Street
Stoughton, MA 02072

### RE:    Prevost H3-45 VIN 2PCH33490X1012717

Dear Mr. Pescatore,

Further to our meeting last week, I would like to provide you with the following information relative to the above referenced vehicle.

We have reviewed the issues you identified in our meeting as well as the repair invoices you have sent to us. The majority of repairs that occurred between October, 2004 and early 2005 are, in our opinion, of a routine nature. The most critical repair was the failed transmission in May, 2005. Although unfortunate this type of failure can occur with pre-owned equipment and as you purchased the vehicle without any warranties as noted on the sales documents we cannot cover this repair.

Notwithstanding, we would like to make the following proposal as sign of goodwill. As we have mutually discovered, the mileage on the unit was approximately 100,000 miles greater than anticipated (due to an electronic odometer changeout by the previous owner). As this represents an approximate two year difference (assuming a 50,000 mile/year average) Setra is prepared to provide LimoLiner with a credit of $30,000 as a goodwill payment in recognition of potential depreciation. We continue to stress that the mileage difference was unknown to us at the time of the trade-in from the prior customer and as such we logically relied on their odometer disclosure statement.

We trust that you will find this offer acceptable. Please provide your concurrence by contacting me directly to confirm.

Sincerely,

Patrick J. Scully
President and CEO

Cc:    C. Crassweller
       D. King

## LIMOLINER

July 26, 2005

Setra of North America Inc,
6012B High Point Road
Greensboro, NC 27407                                              By Certified Mail

Attention Mr. Patrick J Scully:

### Without Prejudice: Re Sale of Prevost Motorcoach

In response to your letter I should make it clear that direct and circumstantial evidence indicates the understatement of mileage of the above vehicle was approximately 257 000 miles, not 100 000 miles as you seem to claim. In any event the level of misrepresentation of the vehicle we purchased is such that it invalidates the contract itself, and the resulting damage is your responsibility.

Accordingly, we claim from you a full refund of the purchase price of $205 000 plus sales tax of 5% and damages of $155 000 being the non recoverable costs incurred to modify this vehicle for its intended use and $26 000 in repair costs incurred as a consequence of its excessive earlier use.

When these payments are made, we shall return the vehicle to you. I suggest this occurs as soon as possible to minimize the amount of any further damage, (which will be added to this Claim), and to maximize your own ability to resell this vehicle to a buyer who wants it with the fit out and repairs we have carried out.

From your letter it appears you do not appreciate the extent of your obligations in this matter. Accordingly we have instructed our attorneys to proceed with whatever litigation is necessary to prosecute our Claim. I should state that our legal claim when filed against your company in this case, would certainly exceed the amounts above and expand the basis to include loss of revenue and goodwill and suggest that you retain your own counsel if you wish to contest it.

Page 2

Meantime any further communication in this matter should be directed to:

Rudolph Friedmann, LLP
Attention, Mr. Jonathon D. Friedmann
92 State Street
Boston, MA 02109

And you should govern yourselves accordingly.

Sincerely,

Peter J. Pescatore, CEO                    cc F.McCann, J. Friedmann

74 Maple Street, Stoughton, MA 02072 (339) 502-6411 www.limoliner.com