UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
LIMOLINER, INC.,                              )
                    PLAINTIFF,                 )
                                               )
v.                                             )          DOCKET NO.: 05-CV-11888-JLT
                                               )
SETRA OF NORTH AMERICA, INC.,                  )
                    DEFENDANT.                  )
_____)

**PLAINTIFF'S OPPOSITION TO DEFENDANT
SETRA OF NORTH AMERICA, INC.'S MOTION TO DISMISS
AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Plaintiff, Limoliner, Inc. ("Limoliner") by and through its attorneys, Rudolph Friedmann, LLP, respectfully submit this opposition to Defendant, Setra of North America, Inc.'s ("Setra"), Motion to Dismiss ("Motion to Dismiss") plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(5) and Federal Rule of Civil Procedure 12(b)(6).

For the reasons set forth in the attached Memorandum of Law, Defendant's, Setra of North America, Inc.'s, Motion to Dismiss should be denied.

## I.    INTRODUCTION AND SUMMARY

On May 31, 2004, Limoliner entered into a contract with Setra for the purchase of a 1999 Prevost motorcoach for the purchase price of $205,000.00. Complaint,¶13.  Prior to executing the contract, plaintiff advised defendant of the intended use of said vehicle and its plans to convert the vehicle into a luxury coach for use in the business of deluxe passenger transportation between Boston and New York. Complaint,¶¶15, 16, 17, 18.  Plaintiff relied upon Defendant's advertising materials which stated that "a thorough inspection at Setra to ensure that the customer gets the best product available at a reasonable investment" and that "all components of

the vehicle requiring replacement are refurbished with genuine Setra parts ensuring that the customer will get all the quality and long life that they expect." <u>Complaint</u>,¶8.  Plaintiff also relied upon Setra's advertising assertions that "it (Setra) operates a state of the art service facilities" that "incorporates sufficient diagnostic equipment … so you can be confident that your Setra Coach will be running smoothly and profitably whenever you need it." <u>Complaint</u>,¶9. Relying upon the assertions made by defendant's representative, the advertising materials and defendant's written certification, the odometer disclosure statement, provided at the time of purchase, certifying that the vehicle had only 152,002 miles, plaintiff executed the contract for the purchase of said vehicle for $205,000. <u>Complaint</u>,¶¶14, 18, 19.

On June 1, 2004, plaintiff took possession of the vehicle.  Upon taking possession, the vehicle underwent a complete refit of the interior including installation of onboard entertainment, power, plumbing, communications equipment, kitchen, washroom and luxury seating. <u>Complaint</u>,¶¶ 20, 21.  Relying upon the assertions of defendant, both written and oral, regarding the low mileage of the vehicle, plaintiff incurred $155,000 in renovation costs expecting that said vehicle would be operational for many years to come. <u>Complaint</u>, ¶¶ 14, 21.

From the inception of placing this motorcoach into service on or about September 1, 2004, the vehicle was plagued with mechanical failures. <u>Complaint</u>, ¶¶ 23, 24, 25. On October 7, 2004, approximately one month after placing the vehicle into service and operating the vehicle only 23,815 miles, the vehicle required service including replacement of numerous parts.  One week later, on October 16, 2004, the vehicle was found dead in the yard, required service and replacement of numerous parts including the circuit breaker and belts.  About two weeks later, on October 30, 2004, the vehicle once again required service and replacement parts including a

new alternator.  Only four (4) days later, the vehicle experienced another mechanical failure and required service.

In April of 2005, the vehicle had an irrepairable failure of the engine transmission system requiring plaintiff to incur the expense of replacing the engine transmission system. Complaint, ¶ 24.  The vehicle was repaired at Detroit Diesel and at that time, the onboard ECM monitor was reviewed and it was determined that the correct mileage on the vehicle was 507,741 miles. Complaint, ¶ 25.  Plaintiff had operated the vehicle for a total of approximately 98,000 miles as reflected on the odometer.  Thus, the vehicle's mileage at the time of purchase was not 152,002 as certified and asserted by defendant but rather 409,000 miles. Complaint, ¶¶ 26, 27.

The vehicle that plaintiff bargained for and the vehicle plaintiff actually received was completely different.  Plaintiff paid for a vehicle with only 152,000 miles.  Had plaintiff known the true facts surrounding the mileage on the vehicle, plaintiff would never have entered into such contract for this vehicle.  Furthermore, understanding that these vehicles begin to experience mechanical failures at 400,000 – 500,000 miles, plaintiff certainly would not have paid $205,000 for a vehicle with 409,000 miles and then invest an additional $155,000 to refit the vehicle had plaintiff known the true mileage of the vehicle.  Thus, defendant's delivery of a vehicle with 409,000 miles instead of the 152,000 as certified, was a material breach of the contract from which plaintiff was injured.

On June 4, 2005, Plaintiff sent a good faith letter to Defendant regarding the 257,000 mileage in excess of the certified mileage figure. Exhibit "3" of Complaint.  Plaintiff's letter set forth the aforesaid facts and requested that "the vehicle be replaced as soon as possible with a corresponding vehicle with lifetime and performance similar to that which we believed we were purchasing. Exhibit "3" of Complaint.  Plaintiff also requested that defendant reimburse plaintiff

for the incurred costs of repairs in the amount of $25,964 and loss of revenue in the amount of $26,670. Exhibit "3" of <u>Complaint</u>. In response, on June 30, 2005, Defendant, Sentra sent a letter to plaintiff stating that Setra had purchased the vehicle from Upstate Transit, Inc. as a trade-in on December 17, 2003. At the time of purchase of said vehicle, Upstate provided an Odometer Disclosure Statement to Setra indicating that the mileage of the vehicle was 151,981 miles. Defendant argues that it relied upon Upstate's disclosure with nothing more. Thereafter, on July 22, 2005, Defendant, Setra admitted that "the mileage on the unit was approximately 100,000 miles greater than anticipated (due to an alleged electronic odometer changeout by the previous owner)" and offered a goodwill payment in the amount of $30,000 in recognition of the potential depreciation. Exhibit "4" of <u>Complaint</u>.

On August 17, 2005, Plaintiff instituted suit in the Commonwealth of Massachusetts, Superior Court Department under Civil Action No.: 05-01421 naming Setra of North America Inc., as a defendant. Plaintiff effectuated corporate service on Defendant in its corporate headquarters in North Carolina by physically serving Kenneth Nall, who held himself out as an employee of the company, a "team coordinator." Thereafter, the defendant was defaulted in the Superior Court. On September 19, 2005, Defendant filed a Notice of Removal to this Court pursuant to 28 U.S.C. §1441(a). Counsel for defendant contacted plaintiff's office requesting consent to remove the default. Plaintiff agreed to submit no opposition and an Order was granted permitting the removal of default. Defendant thereafter filed its Motion to Dismiss disputing that service of process was properly effectuated. Plaintiff's counsel requested that defendant's counsel show reciprocal courtesy and accept service of process to permit cure of this claimed deficiency. Defendant's attorney refused. Plaintiff has since re-served the defendant.

Defendant now seeks to dismiss plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6). As will be set forth in detail hereinbelow, defendant's motion should be denied.

## II.    STANDARD OF LAW

A complaint may be dismissed upon a motion only if the pleading fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). Pursuant to the Federal Rules of Civil Procedure 12(b)(6), a court may dismiss a complaint "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Yameen v. Eaton Vance Distributors, Inc., 2005 WL 2709116 (D.Mass. 2005); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514, 122 S.Ct. 992 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 104 S.Ct. 2229, (1984). In considering a motion to dismiss, a court "must accept as true the factual allegations of the complaint and draw all reasonable inferences in favor of [the Plaintiff]." Blackstone Realty LLC v. Federal Deposit Insurance Corporation, 244 F.3d 193, 197 (1st Cir.2001).

The Plaintiff has stated a claim upon which relief can be granted and defendant's motion must be denied. Should the Court feel otherwise, Plaintiff respectfully requests leave to amend its complaint.

## III.    ARGUMENT

### A.    DEFENDANT'S MOTION SHOULD BE DISMISSED BECAUSE DEFENDANT DID NOT COMPLY WITH FEDERAL RULE 3.01(B)

#### 1.    Defendant failed to confer with counsel prior to filing the instant motion as required by Federal Rule 3.01(b)

Prior to Defendant filing the instant motion, defendant was required to confer with counsel for the plaintiff in a good faith attempt to resolve or narrow the issue. Fed.R.Civ.P.

3.01(b). Rule 3.01(b) states, "no motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue." Fed.R.Civ.P. 3.01(b). At no point did defendant contact plaintiff's counsel in a good faith attempt to resolve said issues. Defendant also has failed to make the certification as requested by the Rule. Accordingly, Defendant's motion should be denied on procedural grounds for defendant's failure to comply with Rule 3.01(b).

  2. **Defendant's memorandum in support of its motion violates Federal Rule 3.01(b) because it exceeds the 20-page rule**

  Defendant's motion should be denied because it exceeds the twenty (20) page requirement as set forth in Rule 3.01(b). Fed.R.Civ.P. 3.01(b). Rule 3.01(b) states, "any memorandum in support of a motion or in response thereto shall not exceed twenty (20) pages, unless otherwise ordered." See id.. On September 26, 2005, Defendant filed its Motion to Dismiss with a total of twenty-six (26) pages. Defendant has not requested or been granted an extension of the twenty (20) page rule. Therefore, defendant's motion should be dismissed as it violates Rule 3.01(b) or in the alternative, pages 21 – 26 should be disregarded and those arguments contained therein void.

  B. **PLAINTIFF PROPERLY SERVED DEFENDANT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(5)**

   1. **Plaintiff has sufficiently served Defendant in compliance with the Federal Rules of Civil Procedure.**

  Plaintiff filed the complaint on August 17, 2005. Gary Smith, Jr. effectuated corporate service on August 19, 2005 at 3:01 p.m. by serving Setra of North America, Inc., 6012-B Highpoint Road, Greensboro, NC 27407, and physically serving Kenneth Hall who represented himself to be an employee of Setra, a "team coordinator". Shortly after service was effectuated, defense counsel raised improper service. Although plaintiff's counsel willingly permitted

defendant to remove the default, and agreed to submit no opposition to defendant's Notice of Removal, defense counsel refused to accept service on behalf of its client without good cause.

As a result of defense counsel's refusal to accept service, plaintiff has incurred undue expense in effectuating service once again on this defendant. Service was effectuated on November 15, 2005 at 9:30 a.m. by personal service at defendant's principal place of business upon Yvette Arangndiz, who held herself out as the designated agent for service for Setra. Said service was within the 120 day time period. Thus, defendant's 12(b)(5) argument is moot and should be denied.

**2.    The costs incurred in re-serving defendant should be imposed on defendant.**

Pursuant to Federal Rule of Civil Procedure 4(d), Waiver of Service; Duty to Save Costs of Service; Request Waive, (2) "an individual, corporation or association … has a duty to avoid unnecessary costs of serving the summons. To avoid costs, the plaintiff may notify such a defendant of the commencement of the action and request that the defendant waive service of a summons." Fed.R.Civ.P. 4(d)(2). The Rule further states, "if a defendant located within the United States fails to comply with a request for waiver made by a plaintiff located within the United States, the Court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure is shown." Fed.R.Civ.P. 4(d)(2). (emphasis added).

Plaintiff attempted to avoid the costs of serving defendant for a second time by contacting defense counsel. Defendant refused to comply with this request without offering good cause for its failure to so accept service on behalf of its client in violation of Fed.R.Civ.P. 4(d)(2), requiring plaintiff to incur undue expense in effectuating service once again in North Carolina on defendant. Accordingly, plaintiff respectfully requests that this Court issue an Order denying

defendant's motion in its entirety and imposing the costs of re-serving said defendant, together with the attorney's fees and any other fees associated with this request.

### C.    PLAINTIFF HAS STATED A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Pursuant to Federal Rule of Civil Procedure 8 (1) "A pleading which sets forth a claim for relief … shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed.R.Civ.P. 8(a).  Plaintiff complaint contains short and plain statements for each count alleged against defendant.  Plaintiff's complaint also demands judgment for the relief plaintiff seeks. (Complaint, p.10).

Accordingly, Plaintiff has stated a claim upon which relief can be granted, thus defendant's motion should be denied.

### THIS CONTRACT IS GOVERNED BY MASSACHUSETTS LAW

Massachusetts law governs this agreement between plaintiff and defendant.  Although Defendant asserts that this contract is governed by Maine law, due to the significance of the relationship to Massachusetts, the laws of Massachusetts will govern this contract.  When dealing with choice of law issues in contracts, the courts look first to find out whether the parties have expressed specific intent as to the governing law.  See, Steranko v. Inforex, Inc., 5 Mass.App.Ct. 253 (1977).  Massachusetts courts will uphold an express choice of law provision so long as the choice is not contrary to public policy and that the designated State has "some substantial relation to the contract." See Id., see also, Greenray Industries, Inc. v. Charleswater Products, Inc., 1990 WL 26887; Mittenthal v. Mascagni, 183 Mass. 19,; Maxwell Shapiro

Woolen Co. Inc. v. Amerotron Corp., 339 Mass. 252 (1959); Quintin Vespa Co. Inc. v. Construction Serv. Co., 343 Mass. 547).

As applied to the instant case, the contract involved herein includes an express choice of law provision, namely the contract states "This agreement shall be governed by and shall be construed in accordance with the laws of the State of Maine."  The Court will uphold express choice of law provisions only so long as that state chosen has some substantial relationship to the contact.  A substantial relationship between Maine and the contract cannot be established.  The only basis of contact between Maine and the contract is that Defendant is incorporated in Maine. Defendant's principal place of business is located in North Carolina, not in Maine, and Defendant maintains an office in Massachusetts.  The contract was executed in North Carolina and the plaintiff took possession of the vehicle in North Carolina.  On the other hand, based upon the substantial relation factors, Massachusetts has a significant relationship to the contract and parties involved herein.  First, this action is venued in the United States District Court for the District of Massachusetts.  Second, the plaintiff is a resident of Massachusetts and conducts business in Massachusetts.  Third, Defendant maintains an office in Massachusetts.  Thus, Massachusetts has a more substantial relationship to the contract than Maine.   Accordingly, the contract involved herein should be governed by Massachusetts law.

1.    **Plaintiff Has Adequately Alleged a Cause of Action for Breach of Contract, Count I**

Plaintiff has adequately alleged a cause of action for Breach of Contract for which relief can be granted.  Defendant's motion should be denied.

Plaintiff's complaint adequately alleges breach of Contract.  Complaint, ¶¶36-39.  The facts set forth within said complaint meet the requirements of Fed.R.Civ.P. 8(a) stating the

breach of contract, namely the existence of a binding contract between plaintiff and defendant (¶37), that defendant breached that contract by delivering a vehicle that was not in accordance with the terms and conditions of the agreement (¶38) and that as a result of that breach, delivering a vehicle with 257,000 miles more than what plaintiff had contracted for, plaintiff has suffered damages.  Complaint, ¶¶36-39.

While defendant alleges that "Limoliner received what it bargained for, a used vehicle that it purchased "as-is," defendant is misguided by the fact that there are different variations of a used vehicle.  (See Motion to dismiss p. 9)  When Plaintiff bargained for this particular vehicle with the disclosure of mileage as being 152,000 miles, plaintiff agreed to pay $205,000 for a vehicle in that condition, with that mileage, a vehicle that would last many years.  Plaintiff certainly did not bargain for a vehicle with 409,000 miles at a price of $205,000 and then invest an additional $155,000 in refitting costs.  A vehicle with 409,000 miles was not what the plaintiff had bargained for nor was it fit for plaintiff's intended purchase.

Plaintiff also directs this Court's attention to the fact that Defendant has admitted that the vehicle sold to plaintiff was not in fact the vehicle plaintiff bargained for.  Defendant admits that the vehicle had approximately 100,000 more miles than the odometer indicated (a fact which is in dispute because the vehicle was found to have approximately 250,000 more miles than certified.).

Thus, on the face of the complaint, plaintiff has sufficiently plead a Cause of Action for Breach of Contract.  Defendant's motion should be denied.

2.     **Plaintiff Has Sufficiently Alleged a Cause of Action for Breach of Express Warranty, Count II**

Plaintiff has adequately stated a Cause of Action for which relief can be granted under Count II for breach of express warranty.  Pursuant to Section 2-313 of the Uniform Commercial

Code, "(1) Express warranties by the seller are created as follows:(a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise. (b) Any description of the goods, which is made part of the basis of the bargain, creates an express warranty that the goods shall conform to the description. (c) Any sample or model, which is made part of the basis of the bargain, creates an express warranty that the goods shall conform to the sample or model. (2) It is not necessary to the creation of an express warranty that the seller use formal words such as "warrant" or "guarantee" or that he have a specific intention to make a warranty, but an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty."   See also, Glyptal, Inc., v. Engelhard Corp., 801 F.Supp.887 (D.Mass 1992).

Plaintiff's complaint alleges each of the elements for breach of express warranty.  First, defendant created an express warranty by certifying and representing the condition of the vehicle, specifically the mileage of the vehicle having only 152,002 miles. Complaint, ¶¶41, 42. This affirmation became the basis of the bargain and created an express warranty.  When the defendant delivered the vehicle and it was determined that the vehicle in fact had an additional 257,000 miles at the time plaintiff took delivery, this was a breach of a material contract term. Complaint, ¶¶41-45.  Defendant made an affirmation, fact or promise regarding the low mileage on the vehicle, which was the basis for plaintiff's reliance and ultimate purchase of it for $205,000 and renovation of the vehicle incurring an additional $155,000.  As a result of defendant's breach, by delivering a vehicle with 257,000 more miles than affirmed by defendant, plaintiff sustained damages.

While a motion to dismiss based upon a failure to state a claim is not based on facts but rather on the face of the complaint, Defendant has attempted to base this motion on facts by relying on the "as-is" argument, that the vehicle was used and carried no warranties. See p. 10 of movant's papers. Defendant however, is misguided because although the agreement contained the words "No Warranty" within the form, the following page with the terms and conditions provided inconsistencies indicating that the vehicle had a "limited warranty." Said agreement also made reference to a warranty policy that was not attached. Such inconsistent and ambiguous language, would lead a rational being to believe that a limited warranty was attached with the purchase of said vehicle. Furthermore, regardless of the inconsistencies of the warranty language, by delivering a vehicle that did not conform to the terms of the contract was a material breach of the expressed warranty asserted by defendant.

Assuming arguendo that the Court holds that Maine law governs this contract, because Massachusetts and Maine both follow the Uniform Commercial Code, defendant would still be liable for the express warranty. Pursuant to 11M.R.S.A. §2-313(1) an express warranty is created when "any affirmation of fact or promise made by the seller to the buyer which relates to the goods ... becomes part of the basis of the bargain," 11 M.R.S.A. § 2-313(1)(a) (Supp.1981), or when any description of the goods "is made part of the basis of the bargain." 11 M.R.S.A. § 2-313(1)(b) (Supp.1981).

Accordingly, plaintiff has sufficiently alleged breach of express warranty and defendant's motion should be denied.

3.    **Plaintiff Has Sufficiently Alleged a Cause of Action for Breach of Implied Warranty, Counts III and IV**

Plaintiff has plead all the elements of Counts III and IV for breach of implied warranties. Pursuant to Section 2-314(1) of the Uniform Commercial Code, contracts for the sale of goods

between merchants contain an implied warranty of merchantability. <u>Mass.Gen.L. ch</u>. 106, §2-314(1). To be merchantable, such goods must be fit for the ordinary purpose for which such goods are used. <u>Id</u>. §2-314(2)(c).

Plaintiff has adequately plead that defendant breached the implied warranty of merchantability. <u>Complaint</u>, ¶¶47-52. Plaintiff alleged that defendant represented criteria as to the merchantability of the vehicle and warranted that the vehicle would pass without objection in the trade under the contract description, which such description included the mileage set forth on the bill of sale and certification of mileage. <u>Complaint</u>, ¶¶48, 49. The complaint alleges that defendant did not deliver a vehicle that conformed to the contract description and would not pass without objection in the trade. <u>Complaint</u>, ¶50. That defendant's actions violated the implied warranty of merchantability. <u>Complaint</u>, ¶51. As a result of defendant's breach, plaintiff has been caused to sustain damages and injury. <u>Complaint</u>, ¶52.

Plaintiff adequately alleges that defendant breached the implied warranty of fitness. <u>Complaint</u>, ¶¶53-58. The complaint alleges that plaintiff made known to defendant the purpose of purchasing the vehicle and plans to refit such vehicle. <u>Complaint</u>, ¶54. That the defendant had reason to know the particular purpose for which the plaintiff was purchasing such vehicle. <u>Complaint</u>, ¶55. That plaintiff relied upon the defendant's skill or judgment to select or furnish an appropriate vehicle for plaintiff's intended use. <u>Complaint</u>, ¶56. The vehicle sold and delivered to plaintiff was not fit for the intended use as advised by Plaintiff. <u>Complaint</u>, ¶57. As a result of the vehicle not being fit for its intended use, plaintiff suffered damages and injury. <u>Complaint</u>, ¶58.

Accordingly, plaintiff has sufficiently alleged breach of implied warranty of merchantability and breach of implied warranty of fitness. Defendant's motion should be denied.

Notwithstanding the fact that this contract is governed by Massachusetts law, should this Court uphold the express choice of law provision in the contract, the result is the same, defendant has breached these warranties. The Maine Uniform Commercial Code is essentially identical to Massachusetts. Plaintiff hereby adopts the aforesaid argument that plaintiff has sufficiently plead breach of warranty. While defendant relies once again upon the assertion that this vehicle was sold with no warranty and thus the warranty of merchantability and fitness do not apply, defendant is incorrect. As stated above, this Court's attention should be drawn to the inconsistent and ambiguous language set forth within the contract itself. Nowhere within this agreement are the words "as-is" used. Defendant instead attempts to rely on "No Warranty" language on the form page of the contract. Such language however is not conspicuous as it is not in capital letters and not in an area that is easily seen. Furthermore, such language conflicts with the limited warranty paragraphs, numbered 14 a-g on the contract itself that indicate that this vehicle is covered by a warranty. Regardless, what plaintiff bargained for and what plaintiff received was a material breach of contract and defendant violated the warranties contained therein. For the purposes of this motion, plaintiff has adequately alleged a breach of implied warranty of merchantability and breach of implied warranty of fitness.

4.    **Plaintiff Has Sufficiently Alleged a Cause of Action for Breach of Good Faith and Fair Dealing, VII**

Plaintiff has plead all the elements of Count VII breach of good faith and fair dealing. In order to establish a breach of the covenant of good faith and fair dealing, a plaintiff must prove "that there existed an enforceable contract between the two parties and that the defendant did

something that had 'the effect of destroying or injuring the right of (the plaintiff) to receive the fruits of the contract.'" Boyle v. Douglas Dynamics, LLC 292 F.Supp.2d 198 (D.Mass 2003); Laser Labs, Inc. v. ETL Testing Lab., Inc., 29 F.Supp.2d 21, (D.Mass.1998).

The complaint alleges that an enforceable contract existed between the plaintiff and defendant. Complaint, ¶13. That every contract has an obligation of good faith and fair dealing. Complaint, ¶73. That defendant breached the obligation of good faith and fair dealing by misrepresenting the vehicle in question to plaintiff and the suitability for plaintiff's intended use. Complaint, ¶74. As a result of defendant's breach, plaintiff sustained damages and was injured. Complaint, ¶75. By misrepresenting the mileage on the vehicle and not providing plaintiff with a vehicle for its intended use, the delivery of a vehicle that did not conform to the terms of the agreement had "the effect of destroying or injuring the right of (the plaintiff) to receive the fruits of the contract." See Boyle v. Douglas Dynamics, LLC 292 F.Supp.2d 198. Accordingly, plaintiff has sufficiently plead the elements of Count VII, Breach of good faith and fair dealing. Defendant's motion should be denied.

5.    **Plaintiff has adequately plead all the Elements of Count VIII, Violation of Chapter 93A, § 11**

The text of Massachusetts General Laws, Chapter 93A, section 11 reads as follows:

> Any person who engages in the conduct of any trade or commerce and who suffers any loss of money or property, real or personal, as a result of the use or employment by another person who engages in any trade or commerce of an unfair method of competition or an unfair or deceptive act or practice declared unlawful by section two or by any rule or regulation issued under paragraph (c) of section two may, as hereinafter provided, bring an action in the superior court, or in the housing court as provided in section three of chapter one hundred and eighty-five C . . . by way of original complaint

The statute defines a "person" to include a corporation. M.G.L. c. 93A, § 1(a). The Complaint alleges that both Limoliner and Setra are corporations. Complaint, ¶¶ 1,2.

Furthermore, the Complaint also alleges that Limoliner and Setra are engaged in trade or commerce.  Complaint, ¶ 77 .  The loss of money due to Setra's actions is repeatedly alleged. See Complaint ¶¶ 21, 23, 24, 30, 35.

Plaintiff alleges that Setra's actions are "unfair and deceptive acts or practices in violation of G.L. 93A, § 11."  Complaint, ¶ 78.  Additionally, the defendant's conduct attains "a level of rascality that would raise an eyebrow of someone inured to the rough and tumble world of commerce.  See M.I.L. Electronics, Inc. v. Matsushita Elec.Corp, 1995 WL 809537 (Mass.Super 1995).  The conduct by defendant, delivering a vehicle with 250,000 more miles than what was bargained for attains a level of rascality.  This type of unfair and deceptive practice, is precisely the type of conduct for which Chapter 93A was designed.  By virtue of the fact that defendant breached both the express and implied warranty equates to a violation of 93A. For the purposes of this motion, plaintiff has adequately plead all of the elements of a Chapter 93A violation.  Therefore, Count VIII is not subject to a motion to dismiss for failure to state a claim.

6.    **Plaintiff has adequately plead all the Elements of Counts V and VI, Fraudulent Inducement and Misrepresentation**

Plaintiff has plead all the elements of Counts V and VI, fraudulent inducement and misrepresentation.

To establish fraud in the inducement, a plaintiff must show a "misrepresentation of a material fact, made to induce action, and reasonable reliance on the false statement to the detriment of the person relying." Hogan v. Riemer, 35 Mass.App.Ct. 360, (1993). The complaint alleges fraudulent inducement.  Complaint, ¶¶59-64.  Plaintiff alleges that defendant made a material factual representations to the plaintiff prior to the purchase regarding the condition of the vehicle and mileage in order to induce plaintiff to purchase said vehicle. Complaint, ¶60.

Defendant's material statements of fact to induce plaintiff to purchase the vehicle were knowingly false or were made with reckless disregard of the truthfulness. Complaint, ¶61. Plaintiff reasonably relied upon these material factual representations and but for such representations, plaintiff would not have purchased this vehicle.  Complaint, ¶¶62, 63.  As a result of plaintiff's reasonable reliance on the material factual representations by defendant, plaintiff was caused to change his position and sustain injury.  Complaint, ¶64.  Accordingly, plaintiff has adequately alleged a cause of action for fraudulent inducement.  Defendant's motion should be denied.

Plaintiff has adequately plead a cause of action for misrepresentation. Complaint, ¶¶65-71. The elements of the tort of misrepresentation include "a false statement of a material fact made to induce the plaintiff to act, together with reliance on the false statement by the plaintiff to the plaintiff's detriment." Zimmerman v. Kent, 31 Mass.App.Ct. 72 (1991); Hogan v. Riemer, 35 Mass.App.Ct. 360 (1993); VMark Software, Inc. v. EMC Corp., 37 Mass.App.Ct. 610 (1994). The complaint alleges that defendant made material factual representations to plaintiff to induce plaintiff to rely upon said representations and purchase the vehicle. Complaint, ¶¶66, 67 68.  The plaintiff reasonably relied upon the representations of fact by the defendant. Complaint, ¶69. That at the time defendant made these representations of fact regarding the vehicle to the plaintiff, the defendant knew that the representations were not true or otherwise failed to reasonably investigate the truthfulness thereof. Complaint, ¶70.  As a result of defendant's misrepresentations of material fact to the plaintiff, plaintiff reasonably relied upon said misrepresentations and was caused to sustain damages and injury. Complaint, ¶71. Accordingly, plaintiff has adequately alleged a cause of action for misrepresentation.  Defendant's motion should be denied.

**Plaintiff Has Satisfied the Pleading Requirements of Fed.R.Civ.P. 9(b)**

Rule 9(b) simply requires a plaintiff to plead with reasonable particularity the "time, place, and content" of a claimed fraudulent misrepresentation.  However, it does not require plaintiff to plead all of the evidence or the facts supporting the fraud.  Wayne Investment, Inc. v. Gulf Oil Corp., 739 F.2d 11, 13 (1st. Cir. 1984); McGinty v. Beranger Volkswagen, Inc., 633 F.2d 226, 228 (1st Cir. 1980).  The First Circuit has stated:

> The clear weight of authority is that Rule 9 requires specification of the time, place, and content of an alleged false representation, but not the circumstances or evidence from which fraudulent intent could be inferred. This interpretation of Rule 9 comports with its language, harmonizes the rule with Rule 8, which requires that averments in pleadings be concise and direct, and at the same time fulfills a major purpose of Rule 9: to give adequate notice of the plaintiff's claim of fraud or mistake.

McGinty, 633 F.2d at 228; United States ex rel. Franklin v. Parke-Davis, 147 F. Supp. 2d 39, 46 (D. Mass. 2001).  A primary purpose of Rule 9(b)'s particularity requirement is "to place defendant on notice and enable them to prepare a meaningful response."  In re Raytheon Sec. Litig., 157 F. Supp. 2d 131, 146 (D. Mass. 2001).

As set forth above, Plaintiff has adequately plead with particularity the circumstances constituting misrepresentation and fraudulent inducement.  Plaintiff's complaint sets forth the factual allegations in ¶¶1-35 relating to the misrepresentation and fraudulent inducement. Plaintiff's complaint has identified the affirmations and certifications made by defendant. Complaint, ¶¶ 7-9, 12-35.  Plaintiff's complaint under Counts V and VI reaffirms and realleges each of the allegations contained therein and incorporates each of the previous allegations. Plaintiff has met the requirements set forth in Fed. R. Civ. P. 9(b) by reasonably describing the defendant's fraudulent actions in sufficient detail as to time and form to permit the defendant to assess those claims.  Accordingly, defendant's motion should be denied.  In the event that this

Court determines that plaintiff's claims have not been plead with the particularity required by Fed.R.Civ.P. 9(b), plaintiff requests leave of Court to amend its Complaint to comport with the evidence

    7.    **Plaintiff has adequately plead all the Elements of Counts IX, Violation of Massachusetts General Laws Chapter 266, Section 141**

Plaintiff has plead all the elements of Counts IX, violation of Massachusetts General Laws Chapter 266, Section 141.

Massachusetts General Laws Chapter 266, Section 141 states that:

> "Whoever advertises for sale, sells, uses, installs or has installed any device which causes an odometer to register any mileage other than the true mileage driven, or whoever resets, or alters the odometer of any motor vehicle with the intent to change the number of miles indicated thereon, or whoever, with the intent to defraud, operates a motor vehicle on any street or highway knowing that the odometer of such vehicle is disconnected to nonfunctional, shall be liable in a civil action of tort or contract in an amount equal to the sum of three times the amount of actual damages sustained … plus the costs of the action together with reasonable attorney fees as determined by the court.  A violation of the provisions of this section shall constitute an unfair method of competition under chapter ninety-three A."  M.G.L.A.266 §141.

The complaint alleges that the defendant did sell a motor vehicle with improperly stated mileage and did advertise the sale of said vehicle.  Complaint, ¶82.  The complaint alleges that a violation of this chapter is a per se violation of Chapter 93A of the Massachusetts General Laws and constitutes unfair and deceptive method of competition.  Complaint, ¶ 83.  Defendant's actions constitute a knowing, intentional or negligent violation of Massachusetts General Laws Chapter 266, Section 141 and a violation of Chapter 93A. Complaint, ¶84.  That the sale of the motor vehicle violated the Truth and Mileage Act, Title 49 United States Code, Section 32705.  Complaint, ¶85.  The complaint alleges that defendant's actions of transferring title to the vehicle without properly disclosing the true mileage constitutes a violation of 49 USC Section 32705 and

a per se violation of 93A. <u>Complaint</u>, ¶86. Accordingly, plaintiff has adequately alleged a cause of action for violation of Massachusetts General Laws Chapter 266, Section 141. Defendant's motion should be denied.

       8.     **Plaintiff has adequately plead all the Elements of Counts X, Violation of Massachusetts General Laws Chapter 266, Section 141 and Title 49 of the United States Code, Section 32705**

Plaintiff has plead all the elements of Counts IX, violation of Massachusetts General Laws Chapter 266, Section 141 and Title 49 of the United States Code Section 32705.

Pursuant to the Federal Odometer Act, "a person transferring ownership of a motor vehicle shall give the transferee the following written disclosure: "(A) Disclosure of the cumulative mileage registered on the odometer." <u>49 U.S.C. §32705</u>. Without repeating the arguments set forth in section 7 of this opposition. Plaintiff hereby incorporates those arguments herein. Plaintiff has adequately alleged a violation of the Federal Odometer Act. Accordingly, defendant's motion should be denied.

## V. <u>CONCLUSION</u>

For the reasons set forth above, Setra's motion to dismiss should be denied.

Respectfully submitted,
Plaintiff, LimoLiner, Inc.,
By its Attorney,

/s/ Jonathon D. Friedmann

_____
Jonathon D. Friedmann, Esq.
BBO #: 180130
RUDOLPH FRIEDMANN LLP
92 State Street
Boston, MA 02109
(617) 723-7700

Dated: November 21, 2005

## CERTIFICATE OF SERVICE

I, Jonathon D. Friedmann, hereby certify that I have this day served a true copy of this document upon the opposing parties as listed below, by mailing a copy thereof this 21st day of November, 2005.


/s/ Jonathon D. Friedmann
_____
Jonathon D. Friedmann

James M. Campbell, Esq.
Campbell Campbell Edwards & Conroy, P.C.
One Constitution Plaza
Boston, MA 02129

(pending admission *pro hac vice*)
William J. Cremer, Esq.
Thomas R. Pender, Esq.
Cremer, Kopon, Shaughnessy & Spina, LLC
180 North LaSalle Street, Suite 3300
Chicago, IL 60601