### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIMOLINER, INC.,<br>    Plaintiff<br><br>vs.<br><br>SETRA OF NORTH AMERICA, INC.,<br>    Defendant | )<br>)<br>)<br>)<br>)    NO. 05-11888<br>)<br>)<br>)<br>) |

### ANSWER AND JURY DEMAND OF SETRA OF NORTH AMERICA, INC.

The defendant, Setra of North America, Inc., hereby responds to the plaintiff's Complaint as follows:

1.   Setra does not have sufficient information to respond to the allegations of paragraph 1 of the Complaint.

2.   Setra admits that it is a Maine corporation with a principal place of business in Greensboro, North Carolina.

3.   Setra admits that it does business in the United States and Canada but is without sufficient knowledge or information to form a belief as to the truth of the remaining averments in paragraph 3.

4.   Setra denies that it manufactures motorcoaches. Setra admits that it is a re-seller of pre-owned motorcoaches.

5.   Admitted.

6.   The allegations in paragraph six are allegations of law and no response is required.

7.   Admitted.

8-12.   Setra is without sufficient knowledge or information to form a belief as to the truth of paragraphs 8-12 of the Complaint, but to the extent that they allege or imply wrongdoing, fault, liability, or damages attributable to Setra, those allegations are denied.

13.   Setra admits Limoliner purchased the referenced motorcoach from Setra but denies that the Bill of Sale attached as Exhibit 1 represents the terms and conditions of that sale.

14.   Denied.

15-17.   Setra is without sufficient knowledge or information to form a belief as to the truth of paragraphs 15-17 of the Complaint, but to the extent that they allege or imply wrongdoing, fault, liability, or damages attributable to Setra, those allegations are denied.

18.   Denied.

19-31.   Setra denies the allegations of paragraphs 19-31 of the Complaint insofar as those allegations allege or imply any wrongdoing, fault, liability or damages attributed to Setra.  Setra does not have sufficient knowledge or information to respond to the remaining allegations of paragraphs 19-31 of the Complaint.

32.   Setra admits that it received a copy of the letter attached to plaintiff's complaint as Exhibit 3, but denies the contents of the letter to the extent that it implies wrongdoing, fault, liability, or damages attributable to Setra.

33.   Denied.

34.   Setra admits that it sent the letter attached to plaintiff's complaint as Exhibit 4, which letter speaks for itself.

35.   Setra is without sufficient knowledge or information to form a belief as to the truth of paragraph 35 of the Complaint, but to the extent it alleges or implies wrongdoing, fault, liability, or damages attributable to Setra, those allegations are denied.

## COUNT I
### Breach of Contract

36. Setra restates and incorporates by reference its responses to paragraphs 1-35 of the Complaint.

37. Admitted

38-39. Denied.

## COUNT II
### Breach of Express Warranty

40. Setra restates and incorporates by reference its responses to paragraphs 1-39 of the Complaint.

41-46. Denied.

## COUNT III
### Breach of Contract – Implied Warranty of Merchantability

47. Setra restates and incorporates by reference its responses to paragraphs 1-46 of the Complaint.

48-52. Denied.

## COUNT IV
### Breach of Contract- Implied Warranty of Fitness for a Particular Purpose

53. Setra restates and incorporates by reference its responses to paragraphs 1-52 of the Complaint.

54-58. Denied.

## COUNT V
### Fraudulent Inducement

59. Setra restates and incorporates by reference its responses to paragraphs 1-58 of the Complaint.

60-64.  Denied.

## COUNT VI
### Misrepresentation

65. Setra restates and incorporates by reference its responses to paragraphs 1-64 of the Complaint.

66-71.  Denied.

## COUNT VII
### Breach of Good Faith and Fair Dealing

72. Setra restates and incorporates by reference its responses to paragraphs 1-71 of the Complaint.

73. The allegations in paragraph 73 are allegations of law and no response is required.

74-75.  Denied.

## COUNT VIII
### Violation of Mass. Gen. L. c. 93A, § 11

76. Setra restates and incorporates by reference its responses to paragraphs 1-75 of the Complaint.

77. Setra denies the allegations of paragraphs 77 of the Complaint insofar as those allegations allege or imply any wrongdoing, fault, liability or damages attributed to Setra. Setra does not have sufficient knowledge or information to respond to the remaining allegations of paragraphs 77 of the Complaint.

78-79.  Denied.

## COUNT IX
### Violation of Mass. Gen. L. c. 266, § 141, et seq.

80. Setra restates and incorporates by reference its responses to paragraphs 1-79 of the Complaint.

81. The allegations in paragraph 81 are allegations of law and no response is required.

82. Denied.

83. The allegations in paragraph 83 are allegations of law and no response is required.

84-86. Denied.

## COUNT X
### Violation of Mass. Gen. L. c. 266, § 141, and 49 U.S.C. § 32705

87. Setra restates and incorporates by reference its responses to paragraphs 1-86 of the Complaint.

88. Denied.

### FIRST AFFIRMATIVE DEFENSE

Each count of the Complaint fails to state a claim against Setra upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Court lacks jurisdiction over Setra because of insufficiency of process and service of process, including untimely service of process.

### THIRD AFFIRMATIVE DEFENSE

The plaintiff's claims are barred because they were not brought within the time prescribed by the applicable statutes of limitations.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred and/or reduced by the equitable doctrines of waiver, estoppel, laches and/or unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the Statute of Frauds.

**SIXTH AFFIRMATIVE DEFENSE**

The plaintiff's breach of contract claim will be barred to the extent that all alleged obligations under the alleged agreement were satisfied.

**SEVENTH AFFIRMATIVE DEFENSE**

Any alleged losses or damages were caused by acts of others over whom Setra had no control, and for whose acts Setra is not legally answerable.

**EIGHTH AFFIRMATIVE DEFENSE**

Any claims asserted alleging fraud should be stricken because they have not been pled with the requisite particularity.

**NINTH AFFIRMATIVE DEFENSE**

The plaintiff has failed to adequately plead causes of action for misrepresentation and fraudulent inducement.

**TENTH AFFIRMATIVE DEFENSE**

The plaintiff has failed to adequately plead a cause of action for breach of the covenant of good faith and fair dealing.

**ELEVENTH AFFIRMATIVE DEFENSE**

The claims asserted in the Complaint are barred because Setra has performed and fulfilled all promises and obligations arising under the contract.

**TWELFTH AFFIRMATIVE DEFENSE**

The claims asserted in the Complaint are barred to the extent that they resulted from modifications and or alterations made by other persons or entities.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The claims asserted in the Complaint are barred because Setra gave no warranties, express or implied.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The plaintiff is barred from recovering damages for breach of implied warranties because any such warranties were validly disclaimed by Setra.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Setra excluded all warranties, expressed or implied.

**SIXTEENTH AFFIRMATIVE DEFENSE**

If any implied warranties of fitness for a particular purpose were made (which Setra specifically and expressly denies), then the vehicle was fit for the particular purpose(s).

**SEVENTEENTH AFFIRMATIVE DEFENSE**

If any express warranties were made (which Setra specifically and expressly denies), then the warranties were accurate and did not cause the plaintiff's alleged damages.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

The plaintiff is barred from recovery for any alleged breach of warranties because it failed to give timely notice of the alleged breach of warranties, which failure caused Setra prejudice.

**NINETEENTH AFFIRMATIVE DEFENSE**

The plaintiff's claim under Mass. Gen. L. c. 93A is barred because the plaintiff failed to send a legally adequate demand letter at least thirty days before commencing suit.

**TWENTIETH AFFIRMATIVE DEFENSE**

The plaintiff has waived any claim he might otherwise have had under Mass. Gen. L. c. 93A because of his failure to provide reasonable cooperation in Setra's efforts to investigate the merits of the claim.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

The plaintiff's claim under Mass. Gen. L. c. 93A is barred by the doctrine of unclean hands.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

The plaintiff has failed to allege that Setra in any way committed an unfair or deceptive act or practice in violation of Mass. Gen. L. c. 93A.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

The plaintiff's claim for punitive damages under Mass. Gen. L. c. 93A, insofar as it is based on Setra's failure to pay a presuit settlement on demand, is barred by the Due Process Clause of the United States Constitution and by Part 1, Art. 10, of the Massachusetts Constitution.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

The plaintiff's claim for punitive damages under Mass. Gen. L. c. 93A, insofar as it is based on Setra's failure to pay a presuit settlement on demand, is barred by the Excessive Fines Clause of the United States Constitution and by Part 1, Art. 26, of the Massachusetts Constitution.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

The plaintiff's claim to recover punitive damages under Mass. Gen. L. c. 93A, insofar as it is based on Setra's failure to pay a presuit settlement on demand, is barred by Part 1, Art. 11,

of the Massachusetts Constitution, which guarantees to all Massachusetts citizens the right to obtain justice freely, without being obliged to purchase it.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

The plaintiff may have failed to mitigate its damages.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The plaintiff has failed to adequately plead causes of action under the Massachusetts and federal odometer tampering statutes.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Any alleged loss or damage to the plaintiff was caused by acts of third persons over whom Setra exercised no control and for whose conduct Setra bears no responsibility.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Setra reserves the right to raise additional Affirmative Defenses after discovery.

### JURY DEMAND

Setra demands a trial by jury on all counts of the plaintiff's Complaint.

Respectfully submitted,
**SETRA OF NORTH AMERICA**
By their Attorneys,
**CAMPBELL, CAMPBELL EDWARDS & CONROY, PROFESSIONAL CORPORATION**

/s/ *James M. Campbell*
James M. Campbell, # MA 541882
One Constitution Plaza
Boston, MA 02129
Tel. No.  (617) 241-3000
Fax. No.  (617) 241-5115

Thomas R. Pender, *pro hac vice*
William J. Cremer, *pro hac vice*
CREMER COPON SHAUGHNESSY & SPINA, LLC
180 North LaSalle Street, Suite 3300
Chicago, IL 60601
Tel:     (312) 726-3800

## CERTIFICATE OF SERVICE

    I, Kiley M. Belliveau, of Campbell Campbell Edwards & Conroy, Professional Corporation, attorney for Setra of North America, Inc, hereby certify that on May 11, 2006, a true copy of the above document was served upon the following by first class mail:

Jonathon D. Friedmann, Esq.
Rudolph Friedmann LLP
92 State Street
Boston, MA 02109

                                               /s/ *Kiley M. Belliveau*
                                               Kiley M. Belliveau