UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIMOLINER, INC.,<br>　　　　Plaintiff,<br><br>v.<br><br>SETRA OF NORTH AMERICA, INC.,<br>　　　　Defendant. | Civil Action No.: 05-11888 |

### JOINT STATEMENT OF PARTIES PURSUANT TO LOCAL RULE 16.1(D)

Pursuant to Local Rule 16.1(D) the parties to this case submit this joint statement.

1. Agenda of Matters to Be Discussed at Scheduling Conference

    a. The discovery schedule proposed by the parties; the proposal is set forth below.

    b. Defendants motion to file a third party claim against Upstate Transit, Inc., the prior owner of the vehicle in question. (The plaintiff assents to this motion).

    c. Consent to have the case tried before a magistrate. (Both parties consent).

2. Proposed Pretrial Schedule Including Plan for Discovery

    a. The defendant plans to file a motion for leave to file a third party claim against Upstate Transit, Inc., the prior owner of the vehicle in question. The plaintiff assents to this motion. The parties estimate that once the motion for leave to file a third party complaint is allowed, then 60 days will be sufficient for the third party, Upstate Transit, to retain counsel, appear, and file a response to the complaint.

    b. Following this 60 day period, the parties propose 90 days for written discovery.

1

c.   After written discovery is completed, the parties propose 6 months for depositions. Upon completion of the depositions, the parties propose that a case management conference be held pursuant to Local Rule 16.3 to discuss the possibility of settlement or use of alternative dispute resolution.

d.   Once depositions are completed, the parties propose that they be allowed two months to file, and oppose, motions for summary judgment.

e.   The parties propose that the Court schedule a final pretrial conference, pursuant to Local Rule 16.5 after it has rendered a decision on motions for summary judgment. If no motions for summary judgment are filed, then the parties propose that the final pretrial conference be scheduled at the case management conference referenced above.

3.   Consent to Trial by a Magistrate Judge

Both parties consent to trial before a magistrate judge.

4.   Certification that Each Counsel Has Conferred with Client Regarding a Budget for Trial and Regarding Alternative Dispute Resolution.

Plaintiff's Certification

Plaintiff's counsel hereby certifies that he has conferred with his client regarding the establishment of a budget for conducting the full course of litigation, as well as a budget for conducting various alternative courses of litigation. Plaintiff's counsel also hereby certifies that he has conferred with his client regarding alternative dispute resolution, specifically including the types of ADR enumerated in Local Rule 16.4.

Defendant's Certification

Defendant's counsel hereby certifies that he has conferred with his client regarding the establishment of a budget for conducting the full course of litigation, as

well as a budget for conducting various alternative courses of litigation. Defendant's counsel also hereby certifies that he has conferred with his client regarding alternative dispute resolution, specifically including the types of ADR enumerated in Local Rule 16.4.

Respectfully submitted,
LimoLiner, Inc., Plaintiff,
By its attorneys,

__/s/ Robert J. Shea__
Jonathon D. Friedmann (BBO 180130)
Robert J. Shea (BBO 546795)
RUDOLPH FRIEDMANN LLP
92 State Street
Boston, Massachusetts 02109
617.723.7700 (t)
617.227.0313 (f)

Respectfully submitted,
SETRA of North America, Inc.
By its attorneys

_____
James M. Campbell (BBO 541882)
CAMPBELL, CAMPBELL,
EDWARDS & CONROY, P.C.
One Constitution Plaza
Boston, MA 02129
(617) 241-3000 (t)
(617) 241-5115 (f)

_____/s/ Thomas Pender___
Thomas R. Pender, *pro hac vice*
William J. Cremer, *pro hac vice*
CREMER COPON SHAUGHNESSY
& SPINA, LLC
180 North LaSalle Street, Suite 300
Chicago, IL 60601
(312) 726-3800 (t)