UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
_____

LIMOLINER, INC.,

                Plaintiff,

      -against-

SETRA OF NORTH AMERICA, INC.,

                Defendant.
_____

SETRA OF NORTH AMERICA, INC.,

                Third-Party Plaintiff,

      -against-

UPSTATE TOURS, INC., and UPSTATE
TRANSIT, INC.,

                Third-Party Defendants.
_____

Civil Action No.: 05-11888

## THIRD-PARTY DEFENDANT'S MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO DISMISS

LAW OFFICES OF LEONARD SINGER
Leonard M. Singer
BBO 464600
101 Arch Street, 9th Floor
Boston, Massachusetts 02110
(617) 737-7670

WHITEMAN OSTERMAN & HANNA LLP
Robert L. Sweeney, Esq.
One Commerce Plaza
Albany, New York 12260
(518) 487-7600

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................. ii

PRELIMINARY STATEMENT ........................................................................... 1

STATEMENT OF FACTS .................................................................................. 2

ARGUMENT ....................................................................................................... 3

POINT I

UPSTATE TRANSIT IS NOT THE SUBJECT TO PERSONAL
JURISDICTION UNDER THE MASSACHUSETTS LONG-ARM STATUTE .......... 3

A. Setra's Claims Do Not Arise Out of Upstate Transit's Transaction
Of Business in the Commonwealth of Massachusetts ................................. 5

B. The Goods Underlying Setra's Claim Were Not Delivered to
Massachusetts .......................................................................................... 6

C. Upstate Transit Did Not Commit a Tortious Act in Massachusetts ............. 7

D. Setra Did Not Sustain Tortious Injury in Massachusetts ........................... 8

POINT II

THE ASSERTION OF PERSONAL JURISDICTION IN THIS CASE DOES
NOT COMPLY WITH DUE PROCESS ................................................................ 9

A. Setra's Claims Are Not Related to Upstate Transit's Contacts with
Massachusetts .......................................................................................... 9

B. Upstate Transit Did Not Purposefully Direct Any Activity Related to the
Transaction Towards Massachusetts ....................................................... 10

C. It is Unreasonable to Exercise Personal Jurisdiction over Upstate Transit
In This Case ............................................................................................ 11

CONCLUSION  ................................................................................................. 12

i

# TABLE OF AUTHORITIES

**Page**

## State Statutes

Droukas v. Divers Training Academy, Inc., 375 Mass. 149 (1978)............................................6

Intech, Inc. v. Triple "C" Marine Salvage, Inc., 444 Mass. 122 (2005)....................................6

Johnson v. Witkowski, 30 Mass. App. Ct. 697 (1991) ...............................................................5

Massachusetts School of Law v. ABA, 142 F.3d 26 (1st Cir. 1998)...........................................9

Morrill v. Tong, 390 Mass. 120 (1983) ......................................................................................3

Papa Gino's, Inc. v. Baystate Bagels, Inc., 2001 WL 716881 (Mass. Super. 2001) ..............3, 4

Roberts v. Legendary Marine Sales, 65 Mass. App. Ct. 198 (2005) ..........................................7

Rye v. Atlas Hotels, Inc., 30 Mass. App. Ct. 904 (1991) ...........................................................7

Tatro v. Manor Care, Inc., 416 Mass. 763 (1994) .....................................................................3

## Federal Cases

Crocker v. Hilton International Barbados, 976 F.2d 797 (1st Cir. 1992) ....................................5

Engine Specialties, Inc. v. Bombardier Ltd., 454 F.2d 527 (1st Cir. 1972) ...............................9

Fournier v. Best Western Treasure Island Resort, 962 F.2d 126 (1st Cir. 1992) ........................5

Hanson v. Denckla, 375 U.S. 235 (1958) .................................................................................10

Kolikof v. Samuelson, 488 F.Supp. 881 (D. Mass. 1980) ..........................................................8

LaForest v. Ameriquest Mortgage Co., 383 F. Supp. 2d 278 (D.Mass. 2005)...........................7

Levin v. Harned, 304 F. Supp.2d 136 (D. Mass. 2003)..........................................................9, 10

Marino v. Hyatt Corporation, 793 F.2d 427 (1st Cir. 1986)........................................................5

Mark v. Obear & Sons, Inc., 313 F.Supp. 373 (D.Mass. 1970)..................................................8

Mello v. K-Mart Corp., 604 F. Supp. 769 (D.C. Mass. 1985).................................................3, 8

Murphy v. Erwin-Wasey, Inc., 460 F.2d 661 (1st Cir. 1972)...................................................7, 8

## Federal Cases (cont'd)

Phillips Exeter Academy v. Howard Phillips Fund, Inc., 196 F.3d 284 (1st Cir. 1999) ............9

Sawtelle v. Farrell, 70 F.3d 1381 (1st Cir. 1995) ....................................................................10

Singer v. Piaggio & Co., 420 F.2d 679 (1st Cir. 1970) ..............................................................6

Ticketmaster-New York, Inc. v. Alioto, 25 F. 3d 201, 204 (1st Cir. 1994) ...............................3

United Electric, Radio & Machine Workers v. 163 Pleasant Street Corp., 960 F.2d 1080 (1st Cir. 1992)...................................................................................................................................5

United Electric Workers v. 163 Pleasant St. Corp., 960 F.2d 1080 (1st Cir. 1992).................11

United States v. Swiss American Bank, Ltd., 191 F.3d 30 (1999) ..........................................8, 9

Worldwide Volkswagen Corp. v. Woodson, 444 U.S. 286 (1980) ...........................................10

## Federal Rules of Civil Procedure

F.R.C.P. 12(b)(2) .............................................................................................................1, 2, 11

F.R.C.P. 4(k)(1) ..........................................................................................................................3

## Massachusetts General Laws

MGL 223A § 3.........................................................................................................................1, 3, 4
MGL 223A § 3(a) .......................................................................................................................5
MGL 223A §3(b)......................................................................................................................6, 7
MGL 233A §3(c).........................................................................................................................7
MGL 223A §3(d).......................................................................................................................8, 9

C:\Documents and Settings\IBM USER\Local Settings\Temporary Internet Files\Content.IE5\WV2N65O7\10.05.06 Upstate Motion to Dismiss MOL V2 (1).doc

iv

## PRELIMINARY STATEMENT

Third-Party Defendant Upstate Transit, Inc. by and through its attorneys Whiteman Osterman & Hanna LLP, and local counsel Leonard M. Singer, Esq., respectfully submits this memorandum of law in support of its motion, pursuant to Fed. R. Civ. P. 12(b)(2), for an order dismissing the third-party complaint as against Upstate Transit, Inc. for lack of personal jurisdiction.

On or about August 17, 2005 Limo Liner, Inc. ("Limo Liner"), a Massachusetts corporation, commenced an action against Setra of North America, Inc. ("Setra"), a North Carolina Corporation, in Massachusetts state court, seeking damages for injuries allegedly sustained by Limo Liner as a result of the purchase of motor coaches from Setra. The case was subsequently removed to federal district court for the District of Massachusetts.

On or about August 17, 2006, Setra filed a third-party complaint against Upstate Tours, Inc. and Upstate Transit, Inc. ("Upstate Transit"), alleging that the motor coaches sold to Limo Liner by Setra were received from Upstate Transit, and that Upstate Transit had misrepresented the mileage on those motor coaches. Setra asserts various claims for, *inter alia*, breach of contract, breach of warranty, fraud, negligent misrepresentation, and violation of state and federal odometer statutes.

As set forth below, all of Setra's claims against Upstate Transit must be dismissed because Upstate Transit is not subject to personal jurisdiction in the Commonwealth of Massachusetts. Upstate Transit is not a Massachusetts corporation, nor is it licensed to do business in Massachusetts. Moreover, the transaction between Upstate Transit and Setra which underlies Setra's claims does not fall within the ambit of any of the statutory bases for long-arm jurisdiction set forth in MGL 223A §3.

1

Additionally, as set forth in Point II below, Upstate Transit does not have sufficient minimum contacts with the Commonwealth of Massachusetts to make the assertion of personal jurisdiction comply with due process requirements, as the underlying transaction has no connection to Massachusetts. While the motor coaches which Setra received from Upstate Transit were subsequently sold to Limo Liner, Setra's unilateral contact with Massachusetts can not render Upstate Transit amenable to personal jurisdiction in Massachusetts. Rather, it has been consistently held that such an attenuated "stream of commerce" basis for jurisdiction does not pass constitutional muster.

Based on the foregoing, third-party defendant Upstate Transit respectfully demands an order: (1) pursuant to Fed. R. Civ. P. 12(b)(2), dismissing the third-party complaint as against Upstate Transit for lack of personal jurisdiction; and (2) granting such other and further relief as the Court deems just and proper.

## STATEMENT OF FACTS

The facts underlying this motion are more fully set out in the accompanying Affidavit of Glenn J. Mattews, sworn to October 5, 2006. Those facts will be briefly restated herein.

Upstate Transit is a New York corporation with a principal place of business at 2900 Route 9, Ballston Spa, New York. Upstate Transit formerly operated a charter bus company under the d/b/a "Upstate Tours," but has recently discontinued use of that name through a filing with the New York State Department of State. Upstate Transit no longer operates a charter bus company.

Upstate Transit is not licensed to do business in the Commonwealth of Massachusetts. Upstate Transit does not maintain any offices in Massachusetts, nor does it have any employees in Massachusetts.

2

In or about 2003, Upstate Transit entered into an agreement with Setra, whereby Upstate Transit would receive twelve (12) new buses, in exchange for twelve (12) trade-in buses and additional money (the "Transaction"). The Transaction was negotiated and consummated entirely outside the Commonwealth of Massachusetts. All correspondence from Upstate Transit to Setra in connection with the transaction were made from Upstate Transit's offices in New York and directed to Setra's offices in North Carolina. Upstate Transit did not send any employee or representative into Massachusetts for any reason related to the Transaction. Additionally, the trade-in buses did not enter into Massachusetts for any purpose related to the Transaction.

At the time of the Transaction, Upstate Transit had no knowledge that Setra intended to subsequently convey the trade-in buses to any entity in Massachusetts.

### ARGUMENT

### POINT I

### UPSTATE TRANSIT IS NOT SUBJECT TO PERSONAL JURISDICTION UNDER THE MASSACHUSETTS LONG-ARM STATUTE

The Federal Rules of Civil Procedure adopt state law bases for extraterritorial jurisdiction. Fed. R. Civ. P. 4(k) (1). Thus, in evaluating personal jurisdiction, a district court will apply the long-arm statute of the state in which it is situated. Id.; Ticketmaster-New York, Inc. v. Alioto, 26 F.3d 201, 204 (1st Cir. 1994). Under Massachusetts law there is a two-prong analysis for determining the propriety of the assertion of personal jurisdiction: (1) whether the assertion of jurisdiction is authorized by the Massachusetts long-arm statute (MGL 223A §3); and (2) whether the assertion of jurisdiction complies with the due process requirements of the 14th Amendment. Papa Gino's, Inc. v. Baystate Bagels, Inc., 2001 WL 716881 (Mass. Super. 2001) (citing Tatro v. Manor Care, Inc., 416 Mass. 763, 767 (1994)); Mello v. K-Mart Corp., 604

3

F. Supp. 769, 771 (D.C. Mass. 1985).  Where a defendant challenges personal jurisdiction, the plaintiff bears the burden of establishing sufficient facts upon which jurisdiction may be based. Papa Gino's, Inc., 2001 WL 716881 (citing Morrill v. Tong, 390 Mass. 120, 129 (1983)).  The defendant then bears the burden of establishing that the assertion of jurisdiction is constitutionally unreasonable.  Papa Gino's, Inc., 2001 WL 716881.

The Massachusetts long-arm statute permits the exercise of jurisdiction over a non-resident defendant for claims arising out of the defendant's:

(a)    transacting business in Massachusetts;

(b)    contracting to supply services or things in Massachusetts;

(c)    causing tortious injury in Massachusetts by an act or omission in Massachusetts;

(d)    causing tortious injury in Massachusetts by an act or omission outside of Massachusetts, provided defendant regularly does or solicits business or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in Massachusetts;

(e)    having an interest in, using or possessing real property located in Massachusetts;

(f)    contracting to insure any person, property or risk located in Massachusetts at the time of contracting;

(g)    maintaining a domicile in Massachusetts while a party to a personal or marital relationship out of which a domestic relations claim arises; or

(h)    having been previously subject to the exercise of personal jurisdiction of a Massachusetts court resulting in a order of alimony, child support, custody or property settlement, provided the action seeks enforcement of the above-mentioned order.  MGL 223A §3.

Subdivisions (e) - (h) are not applicable by their very terms because they are limited to specific types of actions not present here.  Setra's claims do not arise out of Upstate Transit's ownership of real property in Massachusetts (subdivision (e)).  Setra's claims do not arise out of any insurance contract executed by Upstate Transit (subdivision (f)).  Setra's claims do not relate

4

to domestic relations issue nor involve the enforcement of an alimony, support, custody or related order (subdivision g, h).  Accordingly, subdivisions (e) - (h) can not provide a basis for the exercise of personal jurisdiction over Upstate Transit within the Commonwealth of Massachusetts.

Similarly, subdivisions (a) - (d) do not provide a proper basis for exercising personal jurisdiction over Upstate Transit.  The inapplicability of subdivisions (a) - (d) will be discussed in greater length below.

**A.     Setra's Claims Do Not Arise Out of Upstate Transit's Transaction of Business in the Commonwealth of Massachusetts**

The term "transacting business" is broadly construed and embraces "any purposeful acts performed in Massachusetts, whether personal, private, or commercial." Johnson v. Witkowski, 30 Mass. App. Ct. 697, 713 (1991) (finding that trustee's amendment of trust document in Massachusetts constituted the "transaction of business" under § 3(a)).  "The defendant need not have a physical presence in Massachusetts.  The test focuses instead on whether the defendant attempted to participate in the Commonwealth's economic life." United Electric, Radio & Machine Workers v. 163 Pleasant Street Corp., 960 F.2d 1080, 1087 (1st Cir. 1992) (collecting cases).

For purposes of personal jurisdiction, however, it is not enough that the defendant transacts business in Massachusetts; the cause of action itself must arise from the defendants' transacting of business in Massachusetts. Crocker v. Hilton International Barbados, 976 F.2d 797, 799 (1st Cir. 1992) (finding no bases for long-arm jurisdiction under §3(a) and stating that plaintiff's injuries from sexual assault at defendant's Barbados hotel did not arise out of defendants solicitation of business in Massachusetts); see also, Fournier v. Best Western Treasure Island Resort, 962 F.2d 126 (1st Cir. 1992) (declining to exercise jurisdiction under

§3(a) for claim of personal injuries sustained in Hawaii, where defendants contact with Massachusetts was limited to the solicitation of business); Marino v. Hyatt Corporation, 793 F.2d 427 (1st Cir. 1986).

Upstate Transit is not subject to personal jurisdiction under this provision of Massachusetts's long arm statute. Even assuming, *arguendo*, that Upstate Transit satisfies the broad standard for "transacting business," Setra's claims against Upstate Transit do not arise out of such conduct. Rather, Setra's claims against Upstate Transit arise out of a transaction for the trade-in of buses – a transaction without any connection to the Commonwealth of Massachusetts. The transaction was proposed, negotiated, and consummated wholly outside of Massachusetts. At no point did any representative or employee of Upstate Transit enter Massachusetts in connection with this transaction. Since the claims asserted by Setra in the third-party complaint do not arise out of Upstate Transit's transaction of business within Massachusetts, the long-arm statute does not permit the assertion of personal jurisdiction in this instance.

### B.    The Goods Underlying Setra's Claim Were Not Delivered to Massachusetts

Where a defendant has contracted to supply services or goods to a destination within the Commonwealth of Massachusetts, that defendant will be subject to personal jurisdiction for any claims related to the services or goods. MGL 223A § 3(b); Singer v. Piaggio & Co., 420 F.2d 679, 681 (1st Cir. 1970) (noting that claim must "arise from" shipment into or services rendered within the Commonwealth). Where the defendant seller is not obligated to deliver goods into the state, it is not subject to personal jurisdiction under 223A § 3(b). Droukas v. Divers Training Academy, Inc., 375 Mass. 149, 158 (1978) (declining to exercise personal jurisdiction where defendant delivered goods to third-party carrier for transport into Massachusetts). Moreover, where the plaintiff receives goods from defendant in another state and subsequently delivers

6

them to Massachusetts, defendant is not subject to personal jurisdiction in Massachusetts under § 3(b). Intech, Inc. v. Triple "C" Marine Salvage, Inc., 444 Mass. 122, 125 (2005).

Here, Upstate Transit is not subject to personal jurisdiction under §3(b) because the buses were not delivered to Massachusetts, as is required by the statute. The mere fact that Setra unilaterally brought the goods into Massachusetts for the transaction with Limo Liner does not subject Upstate Transit to personal jurisdiction.

### C.    Upstate Transit Did Not Commit A Tortious Act in Massachusetts

Section 3(c) gives the Massachusetts courts jurisdiction over parties who cause tortious injury in the Commonwealth, by an act or omission in the Commonwealth. Murphy v. Erwin-Wasey, Inc., 460 F.2d 661, 663 (1st Cir. 1972). Thus, "[s]ection 3(c) is intended to apply only when the act causing the injury occurs within the Commonwealth. Id. at 664. Where plaintiff's tort claim is premised on fraud or other misrepresentation, the "tortious act" giving rise to the claim is deemed to occur both where the statement was made, and where the statement was relied upon. Id. (stating "[w]here a defendant knowingly sends into a state a false statement, intending that it should there be relied upon to the injury of a resident of that state, he has, for jurisdictional purposes, acted within that state."); see also, Roberts v. Legendary Marine Sales, 65 Mass. App. Ct. 198, 202 (2005); Rye v. Atlas Hotels, Inc., 30 Mass. App. Ct. 904, 906 (1991).

Upstate Transit did not commit a tortious act in Massachusetts. To the extent that Setra asserts claims for breach of contract and breach of warranty, those claims are not torts and hence not within the ambit of § 3(c). With respect to the remaining, tort-based claims, none of the actions alleged by Setra to be tortious occurred within the territorial jurisdiction of the

7

Commonwealth of Massachusetts.[1]   Setra claims that Upstate Transit made a material misrepresentation concerning the mileage on the motor coaches delivered to Setra.  Specifically, Setra alleges that the Odometer Disclosure Statement generated in connection with the transaction contained a mileage discrepancy.  Notably, the Odometer Disclosure Statement was executed at Upstate Transit's offices in New York.  Thus, any misrepresentation was made, if at all, in New York, not in Massachusetts.

Further, the Odometer Disclosure Statement was delivered to Setra in North Carolina.  It is respectfully submitted that any reliance on the part of Setra with respect to the Odometer Disclosure Statement would have occurred in North Carolina, not Massachusetts.  Thus, since Upstate Transit did not make the relevant representations in Massachusetts, and since Setra did not rely on the representations in Massachusetts, Upstate Transit did not commit a tortious act in Massachusetts and can not be subjected to personal jurisdiction under § 3(c).

**D.     Setra Did Not Sustain Tortious Injury in Massachusetts**

The plaintiff seeking to impose personal jurisdiction under MGL 223A §3(d) bears the burden of establishing that a tortious injury was suffered in Massachusetts.  United States v. Swiss American Bank, Ltd., 191 F.3d 30, 37 (1999).  It is not enough to demonstrate that plaintiff suffered some sort of economic harm in the forum state, rather the actual injury must have occurred in the state.  Mello v. K-Mart Corp., 604 F.Supp. 769, 771-72 (D. Mass 1985).  For claims of fraud or misrepresentation, the injury occurs where the statement was made and where defendant relied on the statement.  Murphy, 460 F.2d at 663.

---

[1] Moreover, with respect to those claims of Setra which allege negligence on the part of Upstate Transit, such allegations are insufficient to confer personal jurisdiction under §3(c).  LaForest v. Ameriquest Mortgage Co., 383 F.Supp. 2d 278, 283 n. 2 (D. Mass. 2005).

8

Additionally, where the act complained of occurred outside the state, plaintiff must establish that defendant carries on a certain additional quanta of activity within the state. MGL 223A § 3(d); <u>Mark v. Obear & Sons, Inc.</u>, 313 F.Supp. 373, 375 (D. Mass. 1970) (finding that defendant's sale of .5% of its total annual sales in Massachusetts met additional requirement of §3(d).); <u>Kolikof v. Samuelson</u>, 488 F.Supp. 881 (D. Mass. 1980) (finding that the additional requirement of § 3(d) was met where defendant received 3.2% of total annual sales from Massachusetts); <u>Engine Specialties, Inc. v. Bombardier Ltd.</u>, 454 F.2d 527 (1st Cir. 1972) (finding that existence of wholly-owned subsidiary in Massachusetts satisfied additional requirement of § 3(d)).

Setra did not sustain a tortious injury in Massachusetts. As set forth more particularly in Point I.C above, any reliance by Setra on the Odometer Disclosure Statement occurred in North Carolina, not Massachusetts.

## POINT II

### THE ASSERTION OF PERSONAL JURISDICTION IN THIS CASE DOES NOT COMPLY WITH DUE PROCESS

The exercise of personal jurisdiction must comply with the requirements of the constitution. Due process requires consideration of three factors: (1) relatedness; (2) purposeful availment; and (3) the overall reasonableness of the exercise of jurisdiction. <u>Levin v. Harned</u>, 304 F.Supp.2d 136, 167 (D. Mass. 2003); <u>Phillips Exeter Academy v. Howard Phillips Fund, Inc.</u>, 196 F.3d 284, 287 (1st Cir. 1999); <u>United States v. Swiss American Bank, Ltd.</u>, 191 F.3d 30, 35-36 (1st Cir. 1999).

**A.      Setra's Claims Are Not Related to Upstate Transit's Contacts with Massachusetts**

9

"In order to determine if a claim 'arises out of' or is 'related to' the defendants' contact, the court must first determine if there is a nexus between the defendants' contacts and the plaintiffs' causes of action." Levin, 304 F.Supp. 2d at 167. Thus, where a defendant's contact with Massachusetts is not related to the plaintiff's claim, such contact can not provide a foundation for personal jurisdiction. Id. at 168; see also, United States v. Swiss American Bank, Ltd., 274 F.3d 610, 621 (1st Cir 2001); Massachusetts School of Law v. ABA, 142 F.3d 26, 35 (1st Cir. 1998).

Setra's claims do not arise out of Upstate Transit's contact with Massachusetts. Setra's claims focus on a transaction between Upstate Transit and Setra involving the trade-in of certain motor coaches. Negotiations and communications regarding the transaction occurred at Upstate Transit's offices in New York and at Setra's offices in North Carolina. No Upstate Transit representative or employee ever entered Massachusetts in connection with the transaction. No correspondence was directed to Massachusetts by Upstate Transit in connection with the transaction. Any incidental contact that Upstate Transit may have had with Massachusetts that was unconnected to the Transaction can not provide a valid, constitutionally permissible basis for personal jurisdiction because such contact is not related to Setra's claims.

**B.    Upstate Transit Did Not Purposefully Direct Any Activity Related to the Transaction Towards Massachusetts**

To be subjected to a constitutional exercise of personal jurisdiction, defendant must "voluntarily and purposely directed its activity to the forum state so that the defendant could foresee being hauled into court." Levin, 304 F.Supp.2d at 175. "The function of the purposeful availment requirement is to assure that jurisdiction is not premised solely upon a defendant's random, isolated, or fortuitous contacts with the state." Id. (quoting Sawtelle v. Farrell, 70 F.3d 1381, 1391 (1st Cir. 1995). Generally, "unilateral activity of those who claim some relationship

10

with a nonresident defendant can not satisfy" the purposeful availment requirement. <u>World-Wide Volkswagen Corp. v. Woodson</u>, 444 U.S. 286, 298 (1980) (citing <u>Hanson v. Denckla</u>, 375 U.S. 235, 253 (1958)).

As set forth above, all of the material portions of the transaction underlying Setra's claims occurred in either New York or North Carolina. The documents memorializing the transaction were all directed to Setra's offices in North Carolina. Upstate Transit had no knowledge that Setra was going to convey the motor coaches in a subsequent transaction with a Massachusetts entity. Under these circumstances, Upstate Transit could not reasonably foresee being hailed into court in Massachusetts for a transaction that took place in New York and North Carolina.

**C.    It is Unreasonable to Exercise Personal Jurisdiction over Upstate Transit in This Case**

The constitutional reasonableness of the exercise of personal jurisdiction is analyzed with reference to certain "gestalt factors," including: (1) the defendant's burden in appearing and defending in the forum state; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the judicial system's interest in obtaining the most effective resolution to the controversy; and (5) the common interest of all sovereigns in promoting substantive social policies. <u>United Electric Workers v. 163 Pleasant St. Corp</u>. 960 F.2d 1080, 1089 (1st Cir. 1992). These factors are evaluated on an *ad hoc* basis. <u>Id</u>.

In this case, Upstate Transit will be burdened by being forced to appear in Massachusetts district court because it will be forced to defend an action in a foreign jurisdiction. Moreover, Massachusetts has little interest in adjudicating claims between a North Carolina corporation and a New York corporation.

11

## CONCLUSION

Based on the foregoing, third-party defendant Upstate Transit, Inc. respectfully requests an order: (1) dismissing the third-party complaint as against Upstate Transit, Inc., under Fed. R. Civ. P. 12(b) (2), for lack of personal jurisdiction; and (2) granting such other and further relief as the Court deems just and proper.


UPSTATE TRANSIT, INC.


By:    /s/ Leonard M. Singer                        
Leonard M. Singer
BBO 464600
101 Arch Street, 9th Floor
Boston, Massachusetts 02110
(617) 737-7670


WHITEMAN OSTERMAN & HANNA LLP
Robert L. Sweeney, Esq.
Attorneys for Third-Party Defendants
Upstate Transit, Inc.
One Commerce Plaza
Albany, New York 12260

12

### CERTIFICATE OF SERVICE

I, Leonard M. Singer, hereby certify that on October 6, 2006, copies of the foregoing document were electronically served on the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent to those indicated as non-registered participants.

/s/ Leonard M. Singer
Leonard M. Singer

13

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

————————————————————————

LIMOLINER, INC.,

                 Plaintiff,

    -against-

SETRA OF NORTH AMERICA, INC.,

                 Defendant.

Civil Action No.: 05-11888

————————————————————————

SETRA OF NORTH AMERICA, INC.,

                 Third-Party Plaintiff,

    -against-

UPSTATE TOURS, INC., and UPSTATE
TRANSIT, INC.,

                 Third-Party Defendant.

————————————————————————

## AFFIDAVIT OF GLENN J. MATTHEWS

STATE OF NEW YORK    )
                      )ss.:
COUNTY OF SARATOGA  )

GLENN J. MATTHEWS, being duly sworn, deposes and states:

    1.     I am a resident of the State of New York and the President of Upstate Transit, Inc.

("Upstate"), a third-party defendant in the above referenced matter.

    2.     I have personal knowledge of the facts set forth in this Affidavit, and, as President

of Upstate Transit, Inc., I am familiar with the facts and circumstances underlying this action.

    3.     I make this Affidavit in support of Upstate's motion to dismiss pursuant to Fed. R.

Civ. P. 12(b)(2).

## BACKGROUND

4.    Upstate is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 2900 Route 9, Ballston Spa, New York 12020.

5.    Upstate formerly did business as a charter bus company under the "doing business as" name "Upstate Tours" but has recently discontinued use of that name through a filing with the New York State Department of State. Upstate no longer operates as a charter bus company.

6.    Upstate is not licensed to do business in the Commonwealth of Massachusetts.

7.    Upstate does not maintain any offices in Massachusetts.

8.    Upstate does not maintain any employees in Massachusetts.

## THE TRANSACTION

9.    The claims asserted by Defendant/Third-Party Plaintiff Setra of North America, Inc. ("Setra") in the third-party complaint arise out of a transaction between Upstate and Setra, in or about 2003, whereby Setra sold to Upstate twelve (12) buses in exchange for twelve (12) trade-in buses and additional money (the "Transaction").

10.    All correspondence made by Upstate in connection with the Transaction were made from its principal offices in New York.

11.    All correspondence made by Upstate in connection with the Transaction were directed to Setra at their offices in North Carolina.

12.    At no time did any employee or representative of Upstate enter into the Commonwealth of Massachusetts in connection with the Transaction.

13.    At no time did any of the trade-in buses enter Massachusetts in connection with the Transaction.

14.    All documents underlying this transaction list Setra's address as 6012B High Point Road, Greensboro, North Carolina, 27407.

15.    Upstate had no knowledge that Setra would subsequently convey the buses to Plaintiff Limo Liner, Inc., or any other entity located in Massachusetts.

16.    Based on these business dealings, the Transaction had no connection whatsoever with the Commonwealth of Massachusetts, and thus Upstate did not contemplate being required to appear and defend a lawsuit in federal court in Massachusetts for a dispute arising out of the Transaction.

GLENN J. MATTHEWS

Sworn to before me this
5th day of October, 2006

DONALD H. SWEET SR.
Notary Public, State of New York
No. 01SW5045535
Qualified in Saratoga County
Commission Expires June 19, 2007