UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIMOLINER, INC., <br>     Plaintiff, <br><br> vs. <br><br> SETRA OF NORTH AMERICA, INC., <br>     Defendant. <br> SETRA OF NORTH AMERICA, INC., <br>     Third-Party Plaintiff, <br><br> vs. <br><br> UPSTATE TOURS, INC. and UPSTATE TRANSIT, INC., <br>     Third-Party Defendants. | ) <br> ) <br> ) <br> )    NO. 05-11888 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM OF LAW IN OPPOSITION TO UPSTATE TRANSIT, INC.'S MOTION TO DISMISS**

                                 CAMPBELL, CAMPBELL, EDWARDS & CONROY, P.C.
James M. Campbell
Kiley M. Belliveau
One Constitution Plaza
Third Floor
Boston, Massachusetts 02110
(617) 241-3000

CREMER, KOPON, SHAUGHNESSY & SPINA, LLC
William J. Cremer
Thomas R. Pender
Attorneys for Defendant/Third-Party Plaintiff
Setra of North America, Inc.
180 N. LaSalle Street, Suite 3300
Chicago, Illinois 60601
(312) 726-3800

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ...................................................................................ii

INTRODUCTION .................................................................................................1

ARGUMENT .........................................................................................................3

    POINT I

    UPSTATE IS SUBJECT TO THE GENERAL JURISDICTION
    OF THIS COURT .........................................................................................3

        A.     The Massachusetts Long-Arm Statute Authorizes
               Jurisdiction ..................................................................................4

        B.     UPSTATE Has Sufficient Minimum Contacts with
               Massachusetts and Derives Revenue From the Services It
               Provides in Massachusetts To Be Subject to General
               Jurisdiction ..................................................................................4

    POINT II

    UPSTATE IS SUBJECT TO THE SPECIFIC JURISDICTION
    OF THIS COURT .........................................................................................6

        A.     SETRA'S Claims Against UPSTATE Relate to UPSTATE'S
               Forum-Related Activities .............................................................6

        B.     UPSTATE'S Minimum Contacts with Massachusetts
               Represent a Purposeful Availment of the Privilege of Conducting
               Activities In Massachusetts .........................................................7

    POINT III

    EXERCISING JURISDICTION OVER UPSTATE DOES NOT OFFEND
    DUE PROCESS ..........................................................................................10

        A.     Exercising Jurisdiction Over UPSTATE Is Reasonable ................10

        B.     The Balance of the "Gestalt Factors" Favors Exercising Jurisdiction
               Over UPSTATE ............................................................................11

               1.     The Defendant's Burden of Appearing .........................11

2.    The Forum State's Interest in Adjudicating the Dispute ......12

3.    The Plaintiff's Interest in Obtaining Convenient and Effective Relief ..................................................................13

4.    The Judicial System's Interest in Obtaining the Most Effective Resolution of the Controversy ..............................14

5.    The Common Interests of All Sovereigns in Promoting Substantive Social Policies ...................................................15

CONCLUSION ........................................................................................15

# TABLE OF AUTHORITIES

### State Cases                                                                                   Page

*City of Boston v. Smith & Wesson Corp.*, 2000 WL 34018326, No. 99-02590
(Mass. Super. Nov. 21, 2000) ................................................................................5

*Papa Gino's, Inc. v. Baystate Bagel's, Inc.*, 2001 WL 716881, No. CA0003708
(Mass. Super. May 11, 2001) ..............................................................................7-8

*Sonesta International Hotels Corp. v. Central Florida Investments, Inc.*, 47 Mass. App.
Ct. 154 (1999) ..........................................................................................................8

*Tatro v. Manor Care, Inc.*, 416 Mass. 763 (1994) ...................................................7

### Federal Cases

*Hanson v. Denckla*, 357 U.S. 235, 253 (1958) ........................................................3

*International Shoe Co. v. Washington*, 326 U.S. 310 (1945) ..................................3

*Keds Corp. v. Renee Int'l Trading Corp.*, 888 F.2d 215 (1st Cir. 1989) .................5

*Kolikof v. Samuelson*, 488 F. Supp. 881 (D. Mass. 1980) ......................................5

*Mark v. Obear and Sons, Inc.*, 313 F. Supp. 373 (D. Mass. 1970) .........................5

*Noonan v. The Winston Co.*, 135 F.3d 85 (1st Cir. 1998) ..................................3, 6,
                                                                                                                        10-11

*Nowak v. Tak How Investments, Ltd.*, 94 F.3d 708 (1st Cir. 1996) ...................12, 14

*Pritzker v. Yari*, 42 F.3d 53 (1st Cir. 1994) ......................................................11, 14

*United Elec. Workers v. 163 Pleasant Street Corp.*, 960 F.2d 1080 (1st Cir. 1992) ............3, 6, 7

*Wolverine Proctor & Schwarz, Inc. v. Aeroglide Corp.*, 394 F. Supp. 2d 299
(D. Mass. 2005) ................................................................................................11, 13,
                                                                                                                           15
*Workgroup Technology Corp. v. MGM Grand Hotel, LLC*, 246 F. Supp. 2d 102
(D. Mass. 2003) ..................................................................................................11-13

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980) ........................4

*Yankee Group, Inc. v. Yamashita*, 678 F. Supp. 20 (D. Mass. 1988) ....................14

## Massachusetts General Laws

M.G.L. 223A, § 3(a) ..................................................................................................6

M.G.L. 223A, § 3(d) ..................................................................................................4