UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
_____

LIMOLINER, INC.,

        Plaintiff,

  -against-

SETRA OF NORTH AMERICA, INC.,

        Defendant.

Civil Action No.: 05-11888

_____

SETRA OF NORTH AMERICA, INC.,

        Third-Party Plaintiff,

  -against-

UPSTATE TOURS, INC., and UPSTATE TRANSIT, INC.,

        Third-Party Defendant.

_____

## MOTION TO SERVE REPLY (UNOPPOSED)

      Third-Party Defendant Upstate Transit, Inc. ("Upstate") moves this Court for an order: (1) pursuant to Local Rule 7.1(b)(3), granting Upstate leave to submit the reply memorandum of law which is attached hereto; and (2) granting such other and further relief as the Court deems

just and proper. The grounds for this motion are set forth in the Affidavit of Robert L. Sweeney, Esq., sworn to January 18, 2007, the exhibits annexed thereto. Upstate has conferred with other counsel and they do not oppose this motion.

                    UPSTATE TRANSIT, INC.

By:    /s/ Leonard M. Singer
         Leonard M. Singer
         BBO 464600
         101 Arch Street, 9th Floor
         Boston, Massachusetts 02110
         (617) 737-7670

By:    /s/Robert L. Sweeney
         WHITEMAN OSTERMAN & HANNA LLP
         Robert L. Sweeney, Esq.
         Attorneys for Third-Party Defendants
         Upstate Transit, Inc.
         One Commerce Plaza
         Albany, New York 12260

## **CERTIFICATE OF SERVICE**

I, Leonard M. Singer, hereby certify that on January 19, 2007, copies of the foregoing document were electronically served on the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent to those indicated as non-registered participants.

                    /s/ Leonard M. Singer
                    Leonard M. Singer

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

───────────────────────────────────────────────

LIMOLINER, INC.,

                Plaintiff,

     -against-                                  Civil Action No.: 05-11888

SETRA OF NORTH AMERICA, INC.,

                Defendant.

───────────────────────────────────────────────

SETRA OF NORTH AMERICA, INC.,

                Third-Party Plaintiff,

     -against-

UPSTATE TOURS, INC., and UPSTATE
TRANSIT, INC.,

                Third-Party Defendant.

───────────────────────────────────────────────

**AFFIDAVIT OF ROBERT L. SWEENEY, ESQ.**

STATE OF NEW YORK    )
                                      )ss.:
COUNTY OF ALBANY     )

ROBERT L. SWEENEY, ESQ., being duly sworn deposes and states:

     1.     I am an attorney, duly licensed to practice law, and admitted *pro hac vice* to practice in the Federal District Court for the District of Massachusetts, and a member of the law firm Whiteman Osterman & Hanna LLP, attorneys for Third-Party Defendant Upstate Transit, Inc. ("Upstate") in the above-referenced matter.

     2.     I have personal knowledge of the facts set forth in this Affidavit, and, as counsel for Upstate, I am familiar with the facts and circumstances underlying this action.

1

3. I make this Affidavit in support of Upstate's motion, pursuant to Local Rule 7.1(b)(3) for leave to submit a reply memorandum of law in further support of its motion to dismiss the third-party complaint for lack of personal jurisdiction.

4. On or about August 17, 2006 Defendant/Third-Party Plaintiff Setra of North America, Inc. ("Setra") filed a third-party complaint against Upstate, alleging *inter alia* breach of contract, breach of warranty, fraud, negligent misrepresentation and violation of state and federal odometer statutes.

5. On October 6, 2006, Upstate filed a motion, pursuant to Fed. R. Civ. P. 12(b)(2) seeking dismissal of the third-party complaint for lack of personal jurisdiction. In this motion, Upstate argues that it does not have sufficient contacts with the Commonwealth of Massachusetts to satisfy either the Massachusetts Long-Arm Statute or the requirements of due process.

6. By order dated October 23, 2006, this Court (Hon. Joseph L. Tauro, presiding) granted Setra leave to conduct a deposition of an Upstate representative regarding both substantive issues and issues of personal jurisdiction.

7. On December 5, 2006, the Glenn Matthews, President of Upstate, was deposed in this matter. Prior to, and at the time of the deposition, Mr. Matthews was under the mistaken impression that Darrill King, a Setra regional sales representative was located in New Hampshire.

8. On January 12, 2007, Setra filed its opposition to Upstate's motion to dismiss. The opposition papers consisted of: (a) a copy of Mr. Matthews deposition; (b) an Affidavit of Darrill King; and (c) a memorandum of law.

3

9. Both the Affidavit of Darrill King and the memorandum of law raise issues which were not addressed by Upstate in its initial moving papers. Specifically, Setra now argues that Upstate is subject to general personal jurisdiction based on discontinued historical contacts with the Commonwealth, and also that Upstate is subject to specific personal jurisdiction because it corresponded with Darrill King, whose home office was located in Massachusetts.

10. My office has conferred with counsel for all parties regarding the submission of this application for leave to submit a reply. Neither counsel opposes this motion.

11. Since Setra's opposition papers contain arguments and facts not addressed by Upstate, Upstate respectfully requests that it be granted leave to file a reply memorandum of law to address such matters.

Dated: January 18, 2007

/s/ Robert L. Sweeney_____
ROBERT L. SWEENEY, ESQ.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

LIMOLINER, INC.,

        Plaintiff,

  -against-                               Civil Action No.: 05-11888

SETRA OF NORTH AMERICA, INC.,

        Defendant.
_____

SETRA OF NORTH AMERICA, INC.,

        Third-Party Plaintiff,

  -against-

UPSTATE TOURS, INC., and
UPSTATE TRANSIT, INC.,

        Third-Party Defendants.
_____

**THIRD-PARTY DEFENDANTS' REPLY MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS THIRD-PARTY COMPLAINT**

                                                 LAW OFFICES OF LEONARD SINGER
                                                 Leonard M. Singer, Esq.
                                                 BBO 464600
                                                 101 Arch Street, 9th Floor
                                                 Boston, Massachusetts 02110
                                                 (617) 737-7670


                                                 WHITEMAN OSTERMAN & HANNA, LLP
                                                 Robert L. Sweeney, Esq.
                                                 One Commerce Plaza
                                                 Albany, New York 12260
                                                 (518) 487-7600

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ............................................................................................1

ARGUMENT.........................................................................................................................2

POINT I

      UPSTATE IS NOT SUBJECT TO GENERAL JURISDICTION IN
      MASSACHUSETTS...................................................................................................2

      A.  Setra's Argument Misconstrues Applicable Law .....................................................2

      B.  Upstate Did Not Have Systematic and Continuous Contacts with Massachusetts at
          the Time of Suit .......................................................................................................4

      C.  Upstate's Historical Contacts with Massachusetts are Insufficient to Confer
          General Jurisdiction .................................................................................................5

POINT II

      THE LIMITED CONTACT WITH DARRIL KING DOES NOT
      JUSTIFY THE ASSERTION OF SPECIFIC PERSONAL JURISDICTION ..............7

      A.  Upstate Did Not Purposefully Avail Itself of the Benefits of Transacting
          Business in Massachusetts .......................................................................................7

      B.  Setra's Claims Against Upstate Do Not Arise from the Negotiations with
          Darril King ...............................................................................................................9

CONCLUSION.....................................................................................................................10

# **TABLE OF AUTHORITIES**

## **Cases**

Donatelli v. National Hockey League, 893 F.2d 459 (1st Cir. 1990) ............................................ 4

Figawi, Inc. v. Horan, 16 F.Supp. 2d 74 (D.Mass. 1998) ............................................................. 9

Glater v. Eli Lilly & co., 744 F.2d 213 (1st Cir. 1984) .................................................................. 4

Hanson v. Denkla, 357 U.S. 235 (1958) ........................................................................................ 7

Harlow v. Children's Hospital, 432 F.3d 50 (1st Cir. 2005) .......................................................... 4

Helicopteros Nacionales v. Hall, 466 U.S. 408 (1984) ...................................................... 5, 6, 7, 8

International Shoe Co. v. Washington, 326 U.S. 310 (1945) ..................................................... 3, 4

Kulko v. California Superior Court, 436 U.S. 84 (1978) .............................................................. 8

Levin v. Harned, 304 F.Supp.2d 136 (D.Mass. 2003) ................................................................... 7

Metropolitan Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560 (2d Cir. 1996) ....................... 4

Milford Power Ltd. v. New England Power Co., 918 F.Supp. 471 (D.Mass. 1996) .................... 9

Noonan v. Winston Co., 135 F.3d 85 (1st Cir. 1998) .................................................................... 4

Papa Gino's v. Baystate Bagels, Inc., 2001 WL 716881(Mass.Super. 2001) ................................ 8

Perkins v. Benguet Consol. Mining Co., 342 U.S. 437 (1952) .................................................. 5, 6

Rosenberg Bros. & Co. v. Curtis Brown Co., 260 U.S. 516 (1923) .............................................. 5

United Electrical, Radio & Machine Workers v. 163 Pleasant Street Corp., 960 F.2d 1080 (1st
    Cir. 1992) ........................................................................................................................ 3, 4, 7, 9

## **State Statutes**

Mass. Gen. Law 223A § 3(d) ......................................................................................................... 3

## **Federal Rules**

Fed. R. Civ. P. 12(b)(2) ................................................................................................................ 10

**PRELIMINARY STATEMENT**

Third-Party Defendant Upstate Transit, Inc. ("Upstate"), by and through its attorneys Whiteman Osterman & Hanna LLP, and local counsel Leonard M. Singer, Esq., respectfully submits this memorandum of law in reply to the opposition of Defendant/Third-Party Plaintiff Setra of North America, Inc. ("Setra"), and in further support of Upstate's motion to dismiss the Third-Party Complaint for lack of personal jurisdiction.

As set forth below, Setra's argument that Upstate is subject to personal jurisdiction in the Commonwealth of Massachusetts is untenable. Setra mistakenly argues that this Court can acquire *general* personal jurisdiction over Upstate by reason of the Massachusetts Long-Arm Statute. Mass. Gen. L. 223A § 3(d). As set forth below, however, Setra's reliance on that statute is misplaced, inasmuch as those standards apply only to the assertion of *specific* personal jurisdiction. It is well-settled that the test for general personal jurisdiction is far more demanding.

Setra's reliance on Upstate's discontinued historical contacts with the Commonwealth as a basis for general jurisdiction is similarly misplaced. Any assertion of jurisdiction based solely on such contacts would be both unfair and unreasonable in a constitutional sense. Upstate may have had some level of contact with Massachusetts in the past; however, in November 2005 Upstate sold all of its assets and discontinued its operation as a charter bus company. Accordingly, Upstate had not had any contacts with Massachusetts for *nine months* preceding service of the third-party complaint, and certainly not the "continuous and systematic" contacts required to impose general personal jurisdiction.

Moreover, even assuming that these discontinued historical contacts could be properly considered in the general jurisdiction analysis, the contacts alleged by Setra would still be

patently insufficient to confer general personal jurisdiction under established United State Supreme Court precedent.

Finally, as set forth in Point II below, Setra's argument that Upstate's correspondence with Daril King, a Setra regional sales representative operating out of Massachusetts, is sufficient to confer specific jurisdiction, overlooks important constitutional requirements. The underlying transaction was executed by Upstate, a New York entity and Setra, a North Carolina entity. Upstate was not attempting to participate in the economic life of the Commonwealth of Massachusetts. Setra's unilateral action in selecting Mr. King as its regional representative cannot support a finding that *Upstate* purposefully directed its conduct toward Massachusetts.

Setra asserts a single basis for specific personal jurisdiction under the long-arm statute – namely that Upstate allegedly "transacted business in Massachusetts." Setra's claims, however, do not arise out of the transaction of any business in Massachusetts, but rather from the execution of an allegedly misleading Odometer Disclosure Statement (as to which there is no proof of a Massachusetts connection) and the transfer of a used motorcoach to Setra in North Carolina. Since Setra has not offered any proof that the material facts underlying its claim occurred in Massachusetts, Upstate can not be subjected to personal jurisdiction therein.

## ARGUMENT

## POINT I

### UPSTATE IS NOT SUBJECT TO GENERAL JURISDICTION IN MASSACHUSETTS

A. **Setra's Argument Misconstrues Applicable Law.**

Setra argues that "[t]he Massachusetts Long-Arm Statute authorizes" the assertion of general personal jurisdiction. (Setra Br. at 4.) This argument, however, overlooks the important

distinction between general and specific personal jurisdiction, and misconstrues applicable law. General jurisdiction subjects a foreign defendant to suit for any and all claims, whether related to the defendant's contacts with the forum state or not, based on the defendant's "continuous and systematic" contact with the forum. United Electrical, Radio & Machine Workers v. 163 Pleasant Street Corp., 960 F.2d 1080, 1088 (1st Cir. 1992). Specific jurisdiction, on the other hand, authorizes suit only for claims which are *directly related* to the defendant's contacts with the forum state. Id. at 1088-89.

The Massachusetts Long-Arm Statute, relied upon by Setra, very clearly confers only specific jurisdiction, as is evidenced by the requirement that the claim arise out of the forum-based contacts. See, Mass. Gen. L. 223A § 3. Setra's argument that the standard for establishing specific jurisdiction may be imported into the standard for establishing general jurisdiction stretches the concept of personal jurisdiction far beyond its constitutional limits and should be rejected. See e.g., International Shoe Co. v. Washington, 326 U.S. 310, 317 (1945) (stating "single or isolated items of activities in a state … are not enough to subject [the foreign corporate defendant] to suit on causes of action unconnected with the activities there"). As a result, Setra's allegations of "tortious injury" in Massachusetts, and that Upstate derived "substantial revenue" from Massachusetts – issues related to *specific* jurisdiction under the Long Arm Statute – cannot impact on the general jurisdiction analysis. Even if Upstate fell squarely within the terms of Mass. Gen. L. 223A §3(d), the statute makes clear that such facts would not subject Upstate to *general* personal jurisdiction.[1]

---

[1] To the extent that Setra argues that Mass. Gen. Law 223A § 3(d) has been satisfied, Upstate respectfully refers the Court to the discussion of the "tortious injury in Massachusetts" requirement set forth in Upstate's initial memorandum of law. (Upstate Br. P. 8-9). Briefly restated, Setra, the only party asserting a claim against Upstate, did not suffer any tortious injury in Massachusetts.

### B. Upstate Did Not Have Systematic and Continuous Contacts with Massachusetts at the Time of Suit.

"Although minimum contacts suffice in and of themselves for specific jurisdiction under International Shoe, the standard for general jurisdiction is considerably more stringent." Donatelli, 893 F.2d at 463, citing Glater v. Eli Lilly & Co., 744 F.2d 213, 216 (1st Cir. 1984). To subject a foreign defendant to general jurisdiction, the plaintiff bears the burden of establishing that the defendant has "continuous and systematic activity" in the forum state. United Electrical, Radio & Machine Workers v. 163 Pleasant Street Corp., 960 F.2d at 1088; see also Donatelli v. National Hockey League, 893 F.2d 459, 463 (1st Cir. 1990).

In order to satisfy the "continuous" element of that standard, the defendant must be engaged in activities in the forum state *at the time of suit*. See e.g., Harlow v. Children's Hospital, 432 F.3d 50, 64 (1st Cir. 2005) (stating "unrelated contacts which occurred after the cause of action arose, but before suit was filed, may be considered for purposes of the general jurisdiction inquiry"); see also, Noonan v. Winston Co., 135 F.3d 85, 93 n.8 (1st Cir. 1998); Metropolitan Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 569 (2d Cir. 1996) (stating "[i]n general jurisdiction cases, district courts should examine a defendant's contacts with the forum state over a period that is reasonable under the circumstances – up to and including the date suit was filed – to assess whether they satisfy the 'continuous and systematic' standard"). Thus, it is improper and unreasonable for a plaintiff to base a claim of general jurisdiction solely on a defendant's discontinued historical contacts with the forum state. See, Harlow, 432 F.3d at 64; Metropolitan Life Ins. Co., 84 F.3d at 569.

In this matter, Setra has listed a number of contacts between Upstate and Massachusetts which are unrelated to Setra's claims. (See Setra Br. at 4-5; Setra Br. Ex. B. pp 12-13, 13-14, 15, 25, 71, 75-76, 84, 92). Setra argues that these contacts are sufficient to vest this Court with

4

general personal jurisdiction over Upstate.  This list, however, suffers from a fatal defect.  All of the contacts cited by Setra occurred *well* before the commencement of this suit.  Indeed, in November 2005, some nine months before service of the Third-Party Complaint, Upstate sold all of its assets, and discontinued any and all contact with Massachusetts.  (See Setra Br. Ex. B. p. 7; Affidavit of Glenn Matthews, sworn to on October 5, 2006, ¶ 5).  Under such circumstances, where Upstate lacked any continuous contacts with Massachusetts starting nine months before Setra impled Upstate into the case, Setra's assertion of general personal jurisdiction should be rejected.

### C. Upstate's Historical Contacts with Massachusetts are Insufficient to Confer General Jurisdiction.

Assuming, *arguendo*, that it is proper to consider Upstate's historical contacts with Massachusetts in determining whether Upstate is subject to general jurisdiction, the list of contacts proffered by Setra is insufficient.  It is well settled that occasional contact with the forum state, even if it occurs at regular intervals, is insufficient to confer general jurisdiction. Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408, 418 (1984) (citing International Shoe, 326 U.S. at 318); Rosenberg Bros. & Co. v. Curtis Brown Co., 260 U.S. 516 (1923); cf., Perkins v. Benguet Consol. Mining Co., 342 U.S. 437 (1952).

> For example, in Helicopteros:
>
> [defendant's] contacts with Texas [the forum state] consisted of sending its chief executive officer to Houston for a contract-negotiation session; accepting into its New York bank account checks drawn on a Houston bank; purchasing helicopters, equipment, and training services from Bell Helicopter for substantial sums; and sending personnel to Bell's facilities for training.  466 U.S. at 416.

The Court found, however, that this level of contact, which included the negotiation and purchase of goods in the forum state, did not constitute the "continuous and systematic" contacts necessary to confer general jurisdiction.  Id.

Conversely, in Perkins, the Supreme Court found that the substantial and ongoing nature of the defendant's contacts with the State of Ohio warranted the assertion of general personal jurisdiction. 342 U.S. at 448-49. There, the defendant had maintained an office, opened bank accounts, held directors' meetings, and supervised the ongoing activities of the company, all from a location in Ohio. Id. The Court found this level of activity met the strict threshold for "continuous and systematic" contact. Id. Notably, Perkins is widely recognized as the only case in which the United States Supreme Court has upheld the assertion of general personal jurisdiction. 16 *Moore's Federal Practice* § 108.41(3) (3d Ed. 2006).

Setra alleges the following contacts: (1) Upstate operated motorcoach tours to destinations in Massachusetts; (2) as an incident to these motorcoach tours, Upstate would sometimes arrange for lodging, parking, event tickets, and/or meals; (3) on overnight trips, Upstate's drivers would stay with the group in Massachusetts; (4) Upstate's drivers paid tolls for traveling on Massachusetts roads; and (5) Upstate drivers would use Massachusetts roads to reach destinations outside of Massachusetts. These contacts more closely resemble the nature of contacts found insufficient in Helicopteros, and certainly do not rise to the level of contact necessary to impose general jurisdiction under Perkins.

Based on the foregoing, it is respectfully submitted that Upstate is not subject to general personal jurisdiction in the Commonwealth of Massachusetts.

## POINT II

## UPSTATE'S LIMITED CONTACT WITH DARRIL KING DOES NOT JUSTIFY THE ASSERTION OF SPECIFIC PERSONAL JURISDICTION

### A.    Upstate Did Not Purposefully Avail Itself of the Benefits of Transacting Business in Massachusetts.

As explained more fully in Upstate's initial memorandum of law, Setra must demonstrate that Upstate "voluntarily and purposely directed its activity to the forum state so that the defendant could foresee being hauled into court." Levin v. Harned, 304 F.Supp.2d 136, 175 (D.Mass. 2003). The plaintiff must show facts indicating that the defendant has "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Donatelli, 893 F.2d at 463. Stated differently, "the test focuses … upon whether the defendant attempted to participate in the commonwealth's economic life." United Electrical, Radio & Machine Workers, 960 F.2d at 1087. Specific personal jurisdiction may not be based on fortuitous contact with the forum by reason of the unilateral activities of others. Hanson v. Denkla, 357 U.S. 235 (1958).

In Helicopteros, the Supreme Court stated that plaintiff's unilateral act of tendering payment to defendant on a check drawn from a Texas bank was irrelevant to the personal jurisdiction analysis 466 U.S. at 416-17. The Court stated "[t]here is no indication that [defendant] ever requested that the checks be drawn on a Texas bank or that there was any negotiation between [the parties] with respect to the location or identity of the bank on which checks would be drawn." Id. at 416.

Setra argues that Upstate's correspondence and negotiations directed to Darril King, a Setra representative working in Massachusetts, are sufficient to confer specific jurisdiction in this matter. Mr. King's location, however, was immaterial to the transaction, and was based

7

solely on his residence and the fact that he operated as a regional sales representative for Setra. As Mr. Matthews noted in his deposition: "Darril King was a sales rep, could have lived anywhere, didn't matter. The deal was done between us [Upstate] and the [Setra] corporate office in Greensboro, North Carolina." (See Setra Br. Ex. B. at 66-67.) Mr. King's presence in Massachusetts is the very type of unilateral activity which "is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction." Helicopteros, 466 U.S. at 417; see also, Kulko v. California Superior Court, 436 U.S. 84, 93 (1978) (finding that it is arbitrary to subject one parent to suit in any state where other parent chooses to spend time with child pursuant to separation agreement).

Furthermore, the case principally relied on by Setra in support of this position is distinguishable. For example, in Papa Gino's v. Baystate Bagels Inc., the defendant was subjected to personal jurisdiction because it engaged in negotiations and correspondence with plaintiff's *corporate office* in Massachusetts. 2001 WL 716881 at * 3 (Mass. Super. 2001). This is significantly different from the situation here, where Upstate was negotiating a contract with a corporate entity, Setra, whose principal offices were located in North Carolina.

It is clear that Upstate did not purposefully avail itself of any benefit of transacting business in Massachusetts. Any connection between the underlying transaction and Massachusetts was incidental and based solely on the unilateral activity of Setra in employing a regional sales representative who happened to work out of his home in Massachusetts. The transaction was clearly intended to be one between a New York corporation and a North Carolina corporation. Upstate and Setra did not negotiate the location of the regional sales representative, nor did Upstate specifically request that the sales representative be located in Massachusetts.

### B. Setra's Claims Against Upstate Do Not Arise from the Negotiations with Darril King.

It is well-settled that specific personal jurisdiction requires a nexus among the State asserting jurisdiction, the defendant's contacts with the forum State, and the claim forming the basis for suit. See e.g., United Electrical Radio and Machine Works, 960 F.2d at 1089. Thus, "the Defendant's in-state conduct must form an important or at least material element of proof in the Plaintiff's case." Id. Setra alleges that this nexus is present based on the fact that Upstate negotiated contract terms with Setra's regional sales representative in Massachusetts, and that Setra's claim in this litigation arises out of the contract. (Setra Br. at 10.) A close examination of the Third-Party Complaint, and Setra's submissions on this motion, indicates that all of Setra's claims arise out of an alleged discrepancy contained in an Odometer Disclosure Statement. To the extent that this document forms the basis of all of Setra's claims, it is important to note that there is no indication that the Odometer Disclosure Statement was prepared or executed in Massachusetts, nor that Setra took delivery of the bus in Massachusetts. Accordingly, Setra's claim does not have the necessary nexus with Massachusetts, as the allegedly improper conduct took place outside the forum.[2]

---

[2] Upstate is not subject to personal jurisdiction in the Commonwealth of Massachusetts for *any* of the claims set forth in the Third-Party Complaint. However, in the event the Court finds that Setra has met its burden of establishing that Upstate transacted business in Massachusetts and that its contract-based claims arose from that transaction of business, Upstate respectfully submits that this would not confer jurisdiction on this Court to entertain Setra's *tort*-based claims as to which there is no possible jurisdictional basis under the Long-Arm Statute because Setra did not sustain any tortious injury in Massachusetts. See e.g., Milford Power Ltd. v. New England Power Co., 918 F.Supp. 471, 480 (D.Mass. 1996) (dismissing contract based claims where plaintiff's proof only established specific jurisdiction with respect to conspiracy and defamation claims); Figawi, Inc. v. Horan, 16 F.Supp. 2d 74, 78 (D.Mass. 1998) (finding that plaintiff made a prima facie showing to support the exercise of personal jurisdiction "with respect to some claims, but not with respect to others" and therefore dismissing the "other" claims). Setra must make an independent factual showing that each claim is properly supported by an applicable long-arm basis.

**CONCLUSION**

Based on the foregoing, Third-Party Defendant Upstate Transit, Inc. respectfully requests that this Court issue an order pursuant to Fed. R. Civ. P. 12(b)(2), dismissing the third-party complaint as against Upstate Transit, Inc. for lack of personal jurisdiction, and granting such other and further relief as the Court deems just and proper.

                                  UPSTATE TRANSIT, INC.

By:   /s/ Leonard M. Singer
        Leonard M. Singer, Esq.
        BBO 464600
        101 Arch Street, 9th Floor
        Boston, Massachusetts 02110
        (617) 737-7670

        WHITEMAN OSTERMAN & HANNA LLP
        Robert L. Sweeney, Esq.
        *Pro Hac Vice*
        One Commerce Plaza
        Albany, New York 12260
        (518) 487-7600

W:\11000's\11053\Third-Party Def Reply MOL 011807.doc