UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LIMOLINER, INC., | * | |
|     Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 05-11888-JLT |
| | * | |
| SETRA OF NORTH AMERICA, INC., | * | |
|     Defendant and Third Party Plaintiff, | * | |
| | * | |
| v. | * | |
| UPSTATE TOURS, INC. AND UPSTATE | * | |
| TRANSIT, INC. | * | |
|     Third Party Defendants. | * | |

ORDER
January 23, 2007

TAURO, J.

Following a Further Conference on January 23, 2007, this court hereby orders that:

1. Defendant Upstate Tours' <u>Motion to Dismiss for Lack of Personal Jurisdiction</u> [# 23] is TAKEN UNDER ADVISEMENT.

2. Defendant Setra may depose Fergus McCann, owner of Limoliner Inc.

3. Defendant Upstate Tours may conduct the following depositions; (1) Daryl King, and (2) 30(b)(6) deposition of the Limoliner employee most familiar with the disputed sale.

4. Plaintiff Limoliner may conduct the following depositions; (1) 30(b)(6) deposition of the Setra employee with the most knowledge of the disputed transaction between Setra and Limoliner, (2) deposition of the Detroit Diesel Corporation keeper of records and employee with the greatest knowledge of the vehicle in question, (3) deposition of the Prevost Car Inc. keeper of records and employee

       with the greatest knowledge of the maintenance and repair of the bus in question.

5.    All Parties may participate in each of the above mentioned depositions.

6.    Plaintiff may serve prepared requests for admission on Defendant Setra. Setra will have thirty (30) days to respond.

7.    No additional discovery will be permitted without leave of this court.

8.    No interrogatories will be permitted.

9.    Discovery will be completed by May 14, 2007.

10.   A Final Pre-Trial Conference will be held on May 29, 2007, at 10:30 am.

IT IS SO ORDERED.

                                                           /s/ Joseph L. Tauro  
                                                United States District Judge